THE STATE, EX REL. PLAIN DEALER PUBLISHING COMPANY, *v.*
HAMILTON COUNTY COURT OF COMMON PLEAS ET AL.

[Cite as State, ex rel. Plain Dealer Publishing Co., *v.* Hamilton Cty.
Court of Common Pleas (1989), 45 Ohio St. 3d 1.]

(No. 89-1092—Submitted June 28, 1989—Decided August 9, 1989.)

*Baker & Hostetler, Louis A. Co-
lombo, David L. Marburger, Thomas
R. Helper, Michael K. Ferrell* and *Jane
S. Arata,* for relator.

MOYER, C.J., SWEENEY, HOLMES
and H. BROWN, JJ., concur.

DOUGLAS, WRIGHT and RESNICK,
JJ., dissent.

DOUGLAS, J., dissenting. Because
this case presents an issue with con-
stitutional significance and, in addi-
tion, is clearly one of great and general
public interest—and a majority of my
colleagues have dismissed the case on
the basis that it is moot — I must
respectfully dissent.

This court has not previously
decided the issue now squarely
presented to us. That issue is whether
trial judges, during the course of con-

ducting a trial, have absolute discretion to withhold evidentiary records from public view. Tied to this issue are questions involving the First Amendment to the United States Constitution and Sections 11 and 16, Article I of the Ohio Constitution. See my dissenting opinion in *State, ex rel. Plain Dealer Publishing Co.*, v. *Hamilton Cty. Court of Common Pleas* (1989), 44 Ohio St. 3d 602, 602-603, \_\_\_\_ N.E. 2d \_\_\_\_, \_\_\_\_.

I concede that the immediate issue that brought this case to us is now moot. That issue is that during the hearing in the Court of Common Pleas of Hamilton County on the application by Pete Rose, manager of the Cincinnati Reds baseball team, for a temporary restraining order to prevent the Commissioner of Baseball from proceeding to a hearing concerning certain allegations against Rose, the trial judge sealed the report compiled by the Commissioner of Baseball's office even though the report had been admitted into evidence at the temporary-restraining-order hearing. The press and others sought the release of the report and petitioner herein, the Plain Dealer Publishing Co., filed the within action seeking release of the report. Subsequently, several days later and after an order from this court, the report in question was released by the trial judge.

The petitioner now asks us, notwithstanding the release of the report, to decide the greater and more compelling issue of when, if, and under what circumstances a trial judge may control the conduct of a trial by sealing, especially without any request of a party to do so, evidentiary material submitted during the trial. My colleagues have declined to do so because the original question of the release of the report has now become moot. I disagree because I find this to be an issue that is capable of repetition, yet evading review.

There is substantial precedent for us to hear and decide this issue. In *Franchise Developers, Inc.* v. *Cincinnati* (1987), 30 Ohio St. 3d 28, 31, 30 OBR 33, 36, 505 N.E. 2d 966, 969, Justice Sweeney speaking for the court stated:

"* * * [W]e believe that although the instant matter is technically moot with respect to the plaintiffs, there still remains a debatable constitutional question for this court to resolve. * * * In addition, we believe that the cause *sub judice* involves matters of great public interest, thereby vesting this court with jurisdiction to entertain this appeal, even though the controversy is moot with respect to the plaintiffs. * * * Thus, we proceed to resolve this matter under the standard that although a case may be moot with respect to one of the litigants, this court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest."

In *State, ex rel. The Repository*, v. *Unger* (1986), 28 Ohio St. 3d 418, 28 OBR 472, 504 N.E. 2d 37, the plaintiff-petitioner sought writs of prohibition and mandamus to prevent enforcement of orders which, in effect, barred the public and members of the press from the courtroom. Specifically, the trial judges in question had, in one case, begun a pretrial hearing in open court and later moved the proceedings into chambers, thereby excluding the public and the press and, in the other case, excluded the public and press from a videotape deposition to perpetuate the testimony of a prosecution witness. Even though the complained-of events were long since past and clearly moot, we, nevertheless, granted a writ. We stated:

"* * * Court hearings and trials are generally of short duration. A courtroom closure order issued in con-

nection with a hearing or trial will normally expire before an appellate court can decide its validity. Yet, it can reasonably be assumed that appellee will be subject to a similar closure order in the future. * * * Therefore, this case is not moot since these issues are ' " ' ' "capable of repetition, yet evading review." ' " ' ' " *Id.* at 419-420, 28 OBR at 474, 504 N.E. 2d at 39.

Further, in *State, ex rel. Plain Dealer Publishing Co.,* v. *Barnes* (1988), 38 Ohio St. 3d 165, 527 N.E. 2d 807, on August, 11, *1988,* we issued a writ of mandamus to the city officials of Cleveland requiring them to open to the public a meeting that had been held on November 18, *1986*—some twenty-one months earlier. In *State, ex rel. Rudes,* v. *Rofkar* (1984), 15 Ohio St. 3d 69, 15 OBR 163, 472 N.E. 2d 354, we issued a writ of mandamus requiring county commissioners to make appropriations for a fiscal year that had already concluded during the period the case was in litigation. In those cases, we recognized that important issues involving public rights and questions of great public interest were involved and, therefore, even though the cases were technically moot, the issues should be decided.

Accordingly, we should decide the issue presented in this case because it, too, is "capable of repetition, yet evading review." We should, in no uncertain terms, reaffirm our holding in *State, ex rel. Mothers Against Drunk Drivers,* v. *Gosser* (1985), 20 Ohio St. 3d 30, 20 OBR 279, 485 N.E. 2d 706, in paragraph one of the syllabus, that: "Any *document* appertaining to * * * the proceedings of a court * * * is a 'public record' * * * within the meaning of R.C. 149.43. Absent any specific statutory exclusion, such record *must* be made available for public inspection." (Emphasis added.) We should, in accordance with *Press-Enterprise Co.* v. *Superior Court*

(1984), 464 U.S. 501, 510, recognize that "[t]he presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. * * *"

We should require, before sealing of evidence—or closure—is permitted, that the person or entity seeking access has been given an opportunity to be heard at a proceeding where objections may be voiced. Further, the type of interest to be protected by closure or sealing, and the compelling reasons supporting such actions, should be considered and placed on the record, and the interest sought to be protected and the reasons for doing so should be weighed against the availability of alternatives that might protect the interest without resorting to the drastic measure of sealing or closure. If sealing or closure is to be permitted by the trial court, then we should insist that any restriction should have the narrowest of parameters.

Finally, we should require that if a trial court finds a sufficient interest to support sealing or closure, then such interest must be "* * * articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered. * * *" *Id.* In deciding and reviewing such matters, it would be well for all of us to heed the sage words of the United States Supreme Court in *Craig* v. *Harney* (1947), 331 U.S. 367, 374, where the court said: "* * * A trial is a public event. What transpires in the court room is public property. * * * There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it."

Since I feel strongly this court

needs to take a position on this issue in the context of the facts of this case, I would hear and decide the issue presented to us by petitioner. The mandate of Section 16, Article I of the Ohio Constitution requiring that "[a]ll courts shall be open * * *" demands no less. The majority having decided otherwise, I must respectfully dissent.

WRIGHT and RESNICK, JJ., concur in the foregoing dissenting opinion.