OPINION
{¶ 1} Appellant, Elizabeth Johnston, appeals the decision of the Clinton County Court of Common Pleas, Juvenile Division, awarding permanent custody of her two children to Clinton County Children Services Board ("Board").
 {¶ 2} Appellant is the biological mother of Mary and Rebecca. Appellant has a lengthy history of involvement with Children Services agencies in both Highland County and Clinton County dating back to 1995. Various referrals were received by both agencies regarding issues of the children's safety. The children were removed from the home in 1995 after Rebecca was severely beaten by her father. The children were returned to custody of their mother with protective supervision by the Highland County Children Services Board. The case was transferred to Clinton County in 1999, as appellant was residing in Clinton County at that time.
 {¶ 3} Throughout the course of the two agencies' involvement, various issues regarding the safety and welfare of the children were reported. Appellant frequently left the children with persons who were not appropriate caregivers and in homes where the living conditions were filthy or a health risk. Appellant left her children with persons for extended periods of time while she resided elsewhere. The girls had reoccurring problems with head lice and excessive absences from school. After divorcing the children's father, appellant married a man who was an alcoholic and physically abusive.
 {¶ 4} Clinton County Children Services Board removed the children from appellant's home in August 2000. Although the children were returned to the custody of their mother in March 2001, they were returned to the custody of the Board a month later when the previous issues regarding appellant's care of the children continued. The Board filed a motion for permanent custody of the children on January 16, 2002. After a hearing, the trial court granted permanent custody of the children to the Clinton County Children Services Board.
 {¶ 5} Appellant now appeals the trial court's decision to grant permanent custody of the children to the Board and raises two assignments of error.
Assignment of Error No. 1
 {¶ 6} "Appellant received ineffective assistance of counsel in violation of her due process rights under the State and Federal Constitutions and was deprived of a full and fair hearing of her case; specifically, appellant's counsel did not call any reliable expert witness to testify as to her ability to respond to treatment and correspondingly care for her children."
Assignment of Error No. 2
 {¶ 7} "Appellant was deprived of a full and fair hearing of her case due to her not being afforded an opportunity to cross-examine the guardian ad litem."
 {¶ 8} In her first assignment of error, appellant contends that she received ineffective assistance of counsel. Because parental rights involve a fundamental liberty interest, procedural due process, which includes the right to effective assistance of counsel, applies to permanent custody hearings. In re Heston (1998), 129 Ohio App.3d 825,827. When determining whether counsel was ineffective, the court must apply the two-tier test of Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. First, appellants must show that counsel's actions were outside the wide range of professionally competent assistance. Second, appellants must show that they were prejudiced as a result of counsel's actions. Id at 689. Prejudice will not be found unless appellants demonstrate there is a reasonable possibility that, if not for counsel's errors, the result of the trial would have been different. State v.Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258. A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound trial strategy and falls within the wide range of professional assistance. Id. at 142.
 {¶ 9} The Board presented the testimony of Dr. Charles Lee, a psychologist who evaluated appellant. Dr. Lee testified that appellant suffers from borderline personality disorder. He stated that without treatment it would be difficult for appellant to provide a stable home for the children, and that dramatic and marked progress was unlikely. Appellant argues that her trial counsel was ineffective because he failed to present expert testimony on her behalf to rebut Dr. Lee's testimony.
 {¶ 10} We find that appellant's trial counsel was not ineffective in this regard. The decision whether or not to call an expert witness is a matter of trial strategy. State v. Coleman (1989), 45 Ohio St.3d 1,10-11. An attorney's failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel.State v. Hartman, 93 Ohio St.3d 274, 299, 2001-Ohio-1580. Appellant does not present any specific argument regarding why it was necessary for trial counsel to present an expert to testify on appellant's behalf. Furthermore, appellant's counsel effectively cross-examined Dr. Lee, eliciting information favorable to appellant. Accordingly, appellant's first assignment of error is overruled.
 {¶ 11} In her second assignment of error, appellant contends that the trial court erred by not allowing her to cross-examine the guardian ad litem. Recently, the Ohio Supreme Court found that parties to a permanent custody proceeding are entitled to cross-examine the guardian ad litem concerning the contents of the guardian's report. In re Hoffman,97 Ohio St.3d 92, 2002-Ohio-5368. In this case, the guardian ad litem's report was submitted into evidence and the guardian made a brief statement under oath at the hearing. Appellant's counsel requested to cross-examine the guardian ad litem and the request was denied. In its decision, the trial court stated that it found the report to be "insightful and reasoned."
 {¶ 12} The Board argues that the error was harmless because it would have made no difference in the outcome of the case. This court recently held that under certain circumstances, the harmless error analysis applies to this situation. In re Tyas, Clinton App. No. CA2002-02-010, 2002-Ohio-6679. However, after considering the facts of this case, we cannot conclude that the error was harmless.
 {¶ 13} Although significant other evidence was presented to support the trial court's decision, the guardian's report contains evidence that was not submitted or testified to at the hearing, including statements made to the guardian by the children themselves. The report also contains the conclusions and opinions of the guardian regarding issues bearing on appellant's ability to parent. As mentioned above, the trial court found the report important in its decision. Given these facts, we find that appellant should be given the opportunity to cross-examine the guardian ad litem. Appellant's second assignment of error is sustained. Accordingly, we remand this case to the trial court for the limited purpose of allowing appellant the opportunity to cross-examine the guardian ad litem regarding her report and its conclusions.
Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
VALEN, P.J., and POWELL, J., concur.