### STATE ex WOLFE v MONG et

Ohio Appeals, 9th Dist, Summit Co

Decided May 18, 1937

ERRATA:—Above case is No. 2853. Attorneys:—Frank M. Enright, Akron, for plaintiff. Alva J. Russell, Pros. Atty., and Wm. A. Spencer, Asst. Pros. Atty., Akron, for defendants.

Frank M. Enright, Akron, for relator.

ROSS, PJ, HAMILTON and MATTHEWS, JJ, (1st Dist) sitting by designation

## OPINION

By MATTHEWS, J.

The relator, a former court constable appointed by the Common Pleas Court of Summit County, by this action seeks to invoke the original jurisdiction of this court in mandamus to compel the county commissioners to appropriate funds, the auditor to issue to him a voucher thereon to the treasurer, and the treasurer to pay a balance which he alleged is due him on account of his salary for the years 1932 to 1936, both inclusive, aggregating $1,143.72.

The prayer is:

"WHEREFORE, your relator prays for a writ of mandamus commanding J. B. Looker, Vern T. Bender and George H. Kuhlke, as commissioners of Summit County, Ohio, to restore to said appropriation in the year 1932, for the purpose of meeting the obligations of Summit County, Ohio, for the salary of your relator, sufficient funds for said year as will be sufficient to fully compensate him for his salary, the amount of which is fixed by an order of a majority of the members of the Common Pleas Court of said county for said year; to-wit: two thousand two hundred fifty dollars ($2,250.00); further, for an order for writ of mandamus commanding that said county commissioners by proper resolution appropriate from the county fund which has not been otherwise legally appropriated an amount of money sufficient to meet the obligation of Summit County for the salary of your relator for the years 1933 and 1934, which sums in the aggregate amount to nine hundred dollars ($900.00), commanding further that said board of county commissioners of Summit County, Ohio, issue a proper certificate evidencing such appropriation; and that the said defendant, J. C. Mong, as auditor of Summit County, Ohio, be commanded to deliver his warrant upon the defendant, Charles W. Frank, treasurer of Summit County, in favor of said relator for said amount; and that the defendant, Charles W. Frank, as treasurer of Summit County, be required to pay from the funds in his possession belonging to the County of Summit said amount; and for such other and further relief as may be just and proper in the premises."

The answer contains a general denial which includes a denial that the county owes the relator.

It appears from the evidence that there is not sufficient unappropriated money in the county treasury to pay the plaintiff's claim.

In this situation, we are of the opinion that the writ should not issue.

Of course the writ could not reconstruct the funds created by appropriation in prior years, and then direct additions to be made to such funds or direct the restoration to such funds of portions that had been transferred from them to other funds during those years. All the unexpended portions of these funds reverted to the general unappropriated fund at the expiration of each year and were subject to be, and were, re-appropriated. If the court reestablished them they would under the law, instantly and automatically revert to the general fund. At any rate it is apparent that the writ cannot be used for this purpose.

Nor can the writ be used to control the discretion of the commissioners in preparing and passing an appropriation resolution. The same result cannot be accomplished by the use of the writ to require the commissioners to make transfers from one fund, appropriated for a lawful pur-

**584**

pose to another fund, or for the purpose of creating another fund to be expended even for a lawful purpose.

The writ of mandamus can only be used to compel the performance of a duty specially enjoined by law. So far ▆▆▆▆ as we are informed, the only duty in relation to the obligations of the county that is specially enjoined by law upon the county commissioners arises after they have been reduced to judgment in which situation they must include the amount in the levy for sinking fund purposes for the next year. **11 O. Jur. 575-6.**

The extraordinary writ of mandamus is never issued when there is a plain, adequate and complete remedy ▆▆▆▆ in the ordinary course. The remedy of a claimant is to recover judgment and if it is not paid, to require that it be included in the sinking fund levy of the succeeding year. That is the remedy in the ordinary course, and, if pursued, it does not disturb the functioning of the government, as would be done if the court through the writ intermeddled in the situation created by the appropriation for the current year.

Furthermore, the commissioners have not admitted that the county has no defense to the relator's claim for unpaid salary. Notwithstanding it has not been paid, there may be many defenses. This is not the proceeding in which ▆▆▆▆ to determine whether there are any valid defenses. **11 O. Jur. 590.** The relator's status, therefore, is not that of a claimant having an admitted claim. Of course, if a claim. is fixed by law, and there is no dispute about the amount due, the auditor could be compelled by mandamus to issue a warrant against funds not appropriated for any other purpose. It is always a defense that there is no unappropriated fund. **11 O.. Jur. 585, et seq.**

We find that the relator has not proven a case for the issuance of a writ. It is, therefore, denied and the petition is dismissed.

ROSS, PJ, and HAMILTON, J, concur.

Shank & Shank, Hamilton, for appellee.
Williams, Sohngen, Fitton & Pierce, Hamilton, for appellant.

