THE STATE, EX REL. MOORE, APPELLANT, *v.* BOARD OF ELECTIONS FOR HOCKING COUNTY ET AL., APPELLEES.

[Cite as State, ex rel. Moore, v. Bd. of Elections, 1 Ohio App. 2d 10.]

(No. 253—Decided October 12, 1964.)

Mr. *Richard C. Gerken*, for appellant.
Mr. *Hubert D. Lappen*, prosecuting attorney, for appellees.

BROWN, J. This appeal arises out of the dismissal of a petition for mandamus and the entry of judgment thereon by the Common Pleas Court of Hocking County on September 19, 1964. Relator, appellant herein, filed a petition for a writ of mandamus against the Board of Elections of Hocking County and the members thereof to require the board and its members to rescind a resolution adopted by the board on August 11, 1964, to omit appellant Moore's name from the printed ballot to be submitted to the electors of Hocking County on November 3, 1964, and to cause appellant's name to be printed on this ballot for submission to the voters. Appellant, according to the petition, is the Democratic nominee for the office of the Prosecuting Attorney of that county.

The petition in question was filed August 18, 1964. On August 19, 1964, entry was filed in that court, signed by the Common Pleas Judge, allowing an alternative writ of mandamus against appellees named, returnable September 1, 1964, requiring upon the service of the writ that they rescind this resolution to omit appellant's name from the general election ballot and cause appellant's name to be printed on that ballot, or that they show cause before that court, on the date of the return, why they do not do it. The record discloses service of that writ upon appellees. No answer or other pleading of appellees appears in the record in response to this Common Pleas Court order. According to the bill of exceptions, a hearing was held on September 8, 1964, evidence was adduced, and, on September 19, 1964, a finding by the court was entered in the record, as well as an entry denying the writ of mandamus prayed for.

Appellant asserts four assignments of error, but as we review this appeal the question presented is basically one of the jurisdiction or power of the Common Pleas Court under the state of the pleadings exhibited to do other than grant the prayer of appellant's petition.

The jurisdiction of the Common Pleas Court of Hocking County is established by virtue of Section 1, Article IV of our Constitution which reads as follows:

"The judicial power of the state is vested in a Supreme Court, Courts of Appeals, Courts of Common Pleas, Courts of Probate, and such other courts inferior to the Courts of Appeals as may from time to time be established by law."

Section 3 of that Article provides for the election of a judge or judges in each county of the Common Pleas Court, and for the holding of necessary sessions of that court.

Section 4 thereof confers jurisdiction upon the Common Pleas Court as follows:

"The jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law."

In the case of a proceeding in mandamus, the Legislature provided by law for the same in enacting the provisions of Chapter 2731 of the Revised Code.

In Section 2731.01 it defined mandamus as a writ issued in the name of the state to an inferior tribunal, a corporation, board, or person commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.

In Section 2731.02 the Legislature specifically gave the Common Pleas Court authority to issue a writ of mandamus.

Historically, this action is what is known in the law as an extraordinary remedy. The issuance of a writ is essentially a coercive writ and one that commands performance. It has been known and used in the common law before Blackstone, preserved by statute, and, according to Webster, is originally derived from the Latin verb of *mandare*, meaning to enjoin. Essentially, the writ means that the court orders the person or persons against whom it is issued to do something within a specified time.

In recognition of this, our Legislature in Chapter 2731 of the Revised Code not only provided for its use in the courts of this state and the proceedings to be followed, but also enacted Section 2731.10 for the purpose of making certain that the issuance of any writ by the Common Pleas Court would be promptly obeyed. Failure to obey the same is, in one sense,

almost in the nature of contempt by the recipients thereof to the order of the court.

Section 2731.10 provides as follows:

"If no answer is made to an alternative writ of mandamus, a peremptory mandamus *must* be allowed against the defendant." (Emphasis ours.)

Our review discloses that appellees, or none of them, complied with this trial court's order. It further discloses that on August 19, 1964, the Common Pleas Court issued a writ requiring that they do what appellant wanted, or show cause why they do not do it. Under the plain meaning of the above statute, and the obvious failure of appellees to comply with the court's writ, the proceedings should have terminated then and there, and the court should have granted the peremptory writ because of appellees nonfeasance, or disobeyance of its order. Instead, this matter went to hearing and terminated in dismissal of appellant's petition.

We see no reason to discuss the collateral matters involved in the trial court's determination to dismiss the same. Suffice it to say, that in our opinion the trial court committed prejudicial error in not complying with Section 2731.10 of the Revised Code, and this cause must be remanded to the Common Pleas Court of Hocking County with instructions for that court to issue the peremptory writ prayed for in appellant's petition. See *State, ex rel. Weigel et al., Trustees,* v. *Randall, Dir.,* 160 Ohio St., 327.

The effect of this decision is, of course, to require the appellant's name be printed on the ballot to be submitted to the electors of Hocking County on November 3, 1964. In fairness to all parties and to the trial court, let us point out that this decision rests not on the adequacy or inadequacy of the reasons of the trial court to dismiss this petition, but on the jurisdictional requirements provided by our Legislature in the event of noncompliance by the appellees. Following November 3, 1964, when the people speak, appellant, Moore, will have either won or lost this election. Obviously, if he has lost in the popular vote, he will have no claim to the office sought. If he wins, his opponent, the appellees, responsible members of the public, and any interested party will have the right to test his qualifica-

tion or disqualification to hold office through a proceeding in quo warranto. We are of the opinion that the mandate of the Legislature set forth in Section 2731.10 must be followed, and that permitting the omission of appellant's name from the public ballot may possibly be depriving a citizen and elector of rights guaranteed by the Ohio and United States Constitutions and laws. In addition, the prospect would then loom of depriving the electorate of a free choice at the polls.

Accordingly, the judgment of the Common Pleas Court of Hocking County is reversed and this cause is remanded thereto for further proceedings according to law.

*Judgment reversed and cause remanded.*

COLLIER, P. J., and CARLISLE, J., concur.