232

THE STATE OF OHIO, APPELLEE, *v.* MINER, APPELLANT.

(No. 41235—Decided May 22, 1968.)

*Mr. John T. Corrigan,* prosecuting attorney, *Mr. Harvey R. Monck* and *Mr. Ralph D. Sperli,* for appellee.

*Mr. James R. Willis,* for appellant.

*Per Curiam.* Miner's principal complaints are that he was not sufficiently identified as one of the robbers, that hearsay evidence respecting his identity was erroneously and prejudicially admitted, and that there was prejudical misconduct of the prosecuting attorney in his argument to the jury.

The incident in which identification of Miner by hearsay is alleged to have occurred took place in the robbery squad room of the Cleveland Police Department, where Hama and Schaket were present. Hocevar, a robbery squad officer, assigned to the case, testified that Schaket, who was not present at the trial, pointed to Miner's photograph on a wall of the squad room and then talked with Hama. *What was said between the two men is not disclosed by the bill of exceptions, nor is there any testimony that Schaket identified Miner as one of the robbers from the several photographs on display.*

On the cross-examination of Hama, Miner's counsel brought out that neither Schaket nor a woman employee in the jewelry store at the time of the robbery identified Miner as one of the robbers.

When this case was admitted for decision on the merits, the court was under the impression that, through the testimony of Hocevar, the robbery squad officer, respecting Schaket, there may have been an identification of Miner by hearsay, which worked to his prejudice. A careful examination of the bill of exceptions does not disclose any such hearsay identification.

However, in his argument to the jury, the prosecuting attorney said:

"* * * Schaket walked across the hall. Mr. Hocevar testified that when Schaket got in there [the squad room], he pointed out a picture of Miner on the wall.

"That's the evidence in this case. * * *

"* * * the evidence is that Schaket saw Miner's picture on the wall and picked it, and that's in the evidence in this case."

The prosecuting attorney summed up the evidence concerning Schaket's pointing at the picture in the following terms:

"If you're going to believe them [defendant's witnesses], acquit Miner. If you're going to believe young Hama and the testimony of officers like Hocevar * * * those kind of people, *and when he says that Schaket pick-*

*ed out Miner's picture on that wall, are you going to say he's not telling the truth?*

"Mr. Willis: Objection.

"The Court: Sustained.

"Mr. Monck: You either have to believe him or not. If you believe the others, you can't believe him, and you can't believe young Hama who was there at gun point for 15 minutes.

"It's your choice, it's that simple, it's the only thing about this case that is simple." (Emphasis supplied.)

Such an argument was highly improper and misleading and gave the distinct impression that Schaket, in the squad room, picked Miner as one of the robbers from the photographs on exhibit there, and this was prejudicial to Miner. In pursuit of a verdict favorable to the state, the prosecuting attorney went too far. The argument made could well have been an important factor influencing the jury to return the verdict of guilty.

In our opinion, because of such an improper and misleading argument, Miner's right to a fair and impartial trial was violated, and we are constrained to so hold.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.