THE STATE, EX REL. ARBAUGH, JUDGE, APPELLANT, *v.* RICHLAND COUNTY BOARD OF COMMISSIONERS, APPELLEE.

[Cite as State, ex rel. Arbaugh, *v.* Richland Cty. Bd. of Commrs. (1984), 14 Ohio St. 3d 5.]

(No. 84-1377—Decided October 30, 1984.)

*Mr. John W. Allen,* prosecuting attorney, and *Mr. Donald C. McGee,* for appellant.

*Messrs. Squire, Sanders & Dempsey* and *Mr. John R. Gall,* for appellee.

*Per Curiam.* The issue raised by the court of appeals below is whether appellant must follow legislative budget procedures in the submission of a budget and further, whether such budget can later be modified in the absence of a change in statutory responsibility or the occurrence of an unforeseen event or emergency. We reaffirm today that a court may modify its budget at any time presupposing such modification is otherwise reasonable and necessary. We urge, however, that every reasonable effort be made, in the interests of intergovernmental cooperation, to adhere to the conventional legislatively promulgated budget process.

This court has held without equivocation that " '[t]he public interest is served when courts co-operate with executive and legislative bodies in the complicated budgetary processes of government. However, such voluntary co-operation should not be mistaken for a surrender or diminution of the plenary power to administer justice which is inherent in every court whose jurisdiction derives from the Ohio Constitution.' " *State, ex rel. Johnston,*

v. *Taulbee* (1981), 66 Ohio St. 2d 417, 422 [20 O.O.3d 361] (citing *State, ex rel. Giuliani,* v. *Perk* [1968], 14 Ohio St. 2d 235, 237 [43 O.O.2d 366]). Consequently, appellee's assertion that the court of common pleas, as a co-equal partner in government, is *constitutionally obliged* to follow the budget process of the county board of commissioners is simply wrong.

We recognize that the power to control what a court spends, or to totally regulate the process of obtaining funds, ultimately becomes the power to control what the court does. Such a principle is an anathema to an independent judiciary. On the other hand a tripartite balance of power exists that must be respected. To this extent it is axiomatic that a court should cooperate, whenever possible, with the legislative budget process. Moreover, a court does not have unfettered discretion to act without reason in making its budget. In the spirit of separation of powers we have promulgated a test of "reasonableness and necessity" to maintain the sovereignty of our respective powers when a budget conflict arises. The burden is on the party who opposes the allocation of funds to demonstrate that the court abused its discretion in promulgating a budget which is both unreasonable and unnecessary. *State, ex rel. Musser,* v. *Massillon* (1984), 12 Ohio St. 3d 42; *State, ex rel. Durkin,* v. *Youngstown City Council* (1984), 9 Ohio St. 3d 132, 134-135.

A review of appellee's motion and affidavit, however, does not indicate a cognizable dispute over issues outside the discretionary purview of the court of common pleas. As we have noted in prior decisions, claims of governmental hardship, while relevant to a determination of reasonableness and necessity, are not solely determinative of the issue. *State, ex rel. Durkin,* v. *Youngstown City Council, supra.*

Accordingly, we reverse the judgment of the court of appeals and allow the writ of mandamus.

*Judgment reversed and*
*writ allowed.*

CELEBREZZE, C.J., FORD, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in part and dissents in part.

FORD, J., of the Eleventh Appellate District, sitting for W. BROWN, J.

CELEBREZZE, C.J., concurring. I concur fully in the majority opinion which allows the requested writ of mandamus to issue. I write separately only to add my observation that perhaps the time has arrived to consider transferring funding of county judicial operations from the auspices of county governments to the state government, in the manner of most other states. The specter of closing courts due to inadequate funding and the

resultant deleterious effect on the administration of justice within that jurisdiction is both shocking and abhorrent. Unfortunately, those potentially suffering the most are the citizens of this state who have a right to depend on access to an open and adequately staffed court system. Whatever details ultimately comprise the solution to this problem, I believe that something must be done to alleviate the situation presented by the case at bar.

HOLMES, J., concurring in part and dissenting in part. There is no question that this court has previously determined in a series of cases the basic law that it is within the inherent power of courts of common pleas in this state to require funding of their services and programs at a level that is "reasonable and necessary" to the conduct of their business; and that it is the duty of the county commissioners to provide such funds absent a finding that the judge is guilty of an abuse of discretion in his request for funds. *State, ex rel. Clarke,* v. *Bd. of County Commrs.* (1943), 141 Ohio St. 16 [25 O.O. 134]; *State, ex rel. Motter,* v. *Atkinson* (1945), 146 Ohio St. 11 [31 O.O. 472]; *State, ex rel. Ray,* v. *South* (1964), 176 Ohio St. 241 [27 O.O.2d 133]; *State, ex. rel. Moorehead,* v. *Reed* (1964), 177 Ohio St. 4 [28 O.O.2d 408]; *State, ex rel. Foster,* v. *Bd. of County Commrs.* (1968), 16 Ohio St. 2d 89, 90 [45 O.O.2d 442]; *State, ex rel. Giuliani,* v. *Perk* (1968), 14 Ohio St. 2d 235, 237 [43 O.O.2d 336]; *State, ex rel. Johnston,* v. *Taulbee* (1981), 66 Ohio St. 2d 417, 422 [20 O.O.3d 361]; *State, ex rel. Durkin,* v. *Youngstown City Council* (1984), 9 Ohio St. 3d 132, 134.

However, as well stated by the court of appeals in this matter: "[T]he issue raised in the case at bar is not whether the Board has or can substitute its judgment for that of the Judge as to what funds are reasonable and necessary for the Judge's court (they *cannot*); but, rather, the issue is whether or not absent any claim of error or inadvertent mistake in the submission of the original budget request of June, 1983 the Judge has the inherent power to order *additional* funds for his court absent any change in statutory duties or absent any new facts or emergency circumstances after the submission of his original request and the adoption of a budget resolution by the Board?"

Judges and county commissioners are equal partners in the tripartite system of our government. Judges are entrusted by law to administer the particular court system to which they have been elected. The county commissioners are entrusted with the administration of the county's business functions and financial affairs. Realizing that courts need not surrender their plenary power to administer justice, there is the underlying principle that the public interest is served when courts cooperate with executive and legislative bodies in the complicated budgetary processes of government. *State, ex rel. Johnston,* v. *Taulbee, supra*; *State, ex rel. Giuliani,* v. *Perk, supra.*

It is true that the relator-appellant must be allowed to carry out his

judicial duties free from interference by his governmental partners. However, he must adhere to recognized budgetary procedures in requesting county funds for the operation of his court. The county commissioners are under a legal duty to act in accordance with law and established procedures in allocating county resources among the competing claimants therefor. They must match requests with resources pursuant to the limitations of R.C. 5705.39. Under such circumstances, it is incumbent upon the judge to recognize that the exercise of his inherent powers should only be used in concert with the established governmental procedures.

An examination of all of the cases cited by the majority herein would show that the judges had followed regular budgetary procedures in making their requests for financing to the county commissioners, and that the latter had failed to provide such originally requested sums. There is no evidence in such cases that there were original budget requests which were increased during the operating year, as here.

I agree that appellant must be allowed to carry out his judicial duties free from governmental interference. However, his variance from regular budgetary procedures in this case had very little to do with his judicial duties. In turn, appellant's unanticipated budget increase would tend to make it difficult for the board of county commissioners to act prudently insofar as the necessary funding for all other county offices. Therefore, the question before the court of appeals was the reasonableness of the judge's altered budget request under all of the circumstances.

Unfortunately for the resolution of the instant mandamus action, the burden of reasonableness was erroneously placed on the appellant and not on the commissioners. The court of appeals did not reach the real issue, under a proper burden of proof, of whether the judge had abused his discretion in modifying his budget requests and submitting them in the manner he did. Therefore, the cause should be remanded for a determination of this particular issue.