THE STATE, EX REL. RUDES, JUDGE, ET AL., APPELLEES, *v.* ROFKAR ET AL., APPELLANTS.
THE STATE, EX REL. THIERRY, JUDGE, *v.* ROFKAR ET AL., BD. OF COUNTY COMMRS.

[Cite as State, ex rel. Rudes, *v.* Rofkar (1984), 15 Ohio St. 3d 69.]

(Nos. 83-1828 and 84-530—Decided December 28, 1984.)

*Messrs. Shuster, Graves & Kohli* and *Mr. Gene W. Graves,* for appellees in case No. 83-1828.

*Messrs. Kline & Corogin* and *Mr. Dale A. Kline,* for appellants in case No. 83-1828.

*Mr. Gene W. Graves,* for relator in case No. 84-530.

*Mr. James A. Mazur, Mr. Darrell W. Opfer* and *Ms. Helen J. Rofkar, pro se,* in case No. 84-530.

*Per Curiam.* In case No. 83-1828, appellants argue that a writ of mandamus ordering appropriations for 1983 is moot on January 1, 1984, and will not be enforced. It is appellants' contention that such enforcement by this court would be a vain act.

Although the appellants may be technically correct, we agree with the appellee courts that a court. does not lose jurisdiction to determine the issues involving questions of great public interest. See *Wick* v. *Youngstown Sheet & Tube Co.* (1932), 46 Ohio App. 253, and *Overesch* v. *Campbell* (1953), 95 Ohio App. 359 [53 O.O. 317].

With respect to the crucial issue before this court in both causes, it is

beyond dispute that it is within the inherent power of courts of common pleas to require funding of their services and programs at a level that is both "reasonable and necessary" to the administration of their business. At the same time, it is the duty of the board of county commissioners to provide such funds, unless the commissioners can prove that the court abused its discretion in submitting a budget that is both unreasonable and unnecessary. *State, ex rel. Foster,* v. *Bd. of Cty. Commrs.* (1968), 16 Ohio St. 2d 89, 90 [45 O.O.2d 442]; *State, ex rel. Giuliani,* v. *Perk* (1968), 14 Ohio St. 2d 235, 237 [42 O.O.2d 366]; *State, ex rel. Johnston,* v. *Taulbee* (1981), 66 Ohio St. 2d 417, 422 [20 O.O.3d 361]; *State, ex rel. Durkin,* v. *Youngstown City Council* (1984), 9 Ohio St. 3d 132, 134; *State, ex rel. Arbaugh,* v. *Richland Cty. Bd. of Commrs.* (1984), 14 Ohio St. 3d 5, 6. The commissioners herein are erroneous in intimating that this burden of proof resides with the courts in order to show that their appropriation requests are reasonable and necessary.

We find in both causes that the commissioners have failed to sustain their burden of proof in showing that the submitted budget requests were both unreasonable and unnecessary, and thus, amounted to an abuse of discretion.

While we appreciate the dilemma that the commissioners encounter in promulgating a budget during difficult economic times, we are compelled to remind the commissioners that the courts must not be held hostage to competing interests when the courts, in their discretionary power, submit budgetary requests that are reasonable and necessary.

Therefore, in case No. 83-1828, the judgment of the court of appeals allowing the writs is affirmed. In case No. 84-530, the writ is allowed.

*Judgment affirmed in case No. 83-1828.*
*Writ allowed in case No. 84-530.*

FORD, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in judgment.

CELEBREZZE, C.J., not participating.

FORD, J., of the Eleventh Appellate District, sitting for W. Brown, J.

HOLMES, J., concurring in judgment. Encompassing the commentary of my dissenting opinion in *State, ex rel. Arbaugh,* v. *Richland Cty. Bd. of Commrs.* (1984), 14 Ohio St. 3d 5, 7, and adopting the same to the facts herein, I concur in the judgment.