STAPLES, DIR., ET AL., APPELLEES, *v.* OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION/AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, LOCAL 11, AFL-CIO, ET AL., APPELLANTS.

[Cite as Staples *v.* Ohio Civ. Serv. Emp. Assn./American Fed. of State, Cty. & Mun. Emp., Local 11, AFL-CIO (1987), 31 Ohio St. 3d 602.]

(No. 87-360—Decided July 15, 1987.)

*Sponseller & Segel, Nancy L. Sponseller* and *Benjamin B. Segel,* for appellees Seth Staples, Director of Hamilton County Department of Human Services; Hamilton County Department of Human Services; and Hamilton County Board of Commissioners.

*Joyce Goldstein, Daniel Scott Smith, Kirschner, Weinberg & Dempsey, Richard Kirschner* and *John J. Sullivan,* for appellant OCSEA/AFSCME, Local 11, AFL-CIO.

*Anthony J. Celebrezze, Jr.,* attorney general, *Loren L. Braverman* and *Eleanor J. Tschugunov,* for appellant State Employment Relations Board.

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Russell E. Carnahan,* urging denial of the motion to dismiss for *amicus curiae,* Ohio Education Association.

The joint motion of appellees and the Ohio Civil Service Employees Association/American Federation of State, County and Municipal Employees, Local 11, AFL-CIO, to dismiss this cause as moot is sustained and this cause (case No. 86AP-738 below) is dismissed.

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. By dismissing this appeal as moot, this court not only squanders a perfect opportunity to announce a state-wide rule on a vital and urgent question of great public interest, but it also violates an established and recently reaffirmed principle of appellate review in this court. Therefore, I dissent.

I do not deny that the instant appeal is technically moot. However, this court has very recently held that "[a]lthough a case may be moot with respect to one of the litigants, this court may hear the appeal * * * *where the matter appealed is one of great public or general interest.*" (Emphasis added.) *Franchise Developers, Inc.* v. *Cincinnati* (1987), 30 Ohio St. 3d 28, 30 OBR 33, 505 N.E. 2d 966, paragraph one of the syllabus. See, also, *Wallace* v. *University Hospitals of Cleveland* (1961), 171 Ohio St. 487, 14 O.O. 2d 383, 172 N.E. 2d 459; *State, ex rel. Rudes,* v. *Rofkar* (1984), 15 Ohio St. 3d 69, 15 OBR 163, 472 N.E. 2d 354.

That this case involves a question of great public or general interest was acknowledged by this court *a mere three months ago by a unanimous vote* when we granted appellants' motion to certify the record. The issues presented by this appeal are unaffected by the intervening settlement of the parties. One may ask why this court, all of whose members so recently agreed that this case demands our attention, is now deciding to forgo resolving the issues merely because our decision on the merits would not affect the parties.

I would submit that the question posed by this appeal is just as urgent and compelling as it was three months ago, if not more so. Specifically, the question presented herein is whether orders of the State Employment Relations Board ("SERB") regarding representation election disputes are appealable under R.C. Chapter 119. This novel question squarely implicates the Public Employees Collective Bargaining Act, and the court of appeals' decision, which is permitted to stand by dismissing this appeal, presents a grave danger to the rights guaranteed by R.C. Chapter 4117. If R.C. 119.12 is applicable to SERB orders such as the one involved herein, then the court of appeals' decision is the final and binding authority in all like matters because all such appeals are required to be filed in Franklin County. As long as this court delays a definitive announcement on this issue, the interests of all the persons and entities subject to the Act, as well as the interests of the public, will be affected. In addition, the effective function of the Public Employees Collective Bargaining Act is frustrated. Therefore, I would deny the motion to dismiss and permit this appeal to proceed to oral argument and final disposition.