## State, ex rel. Niehaus, v. Logsdon
### [Cite as 6 AOA 356]

*Case No. CA90-01-006*
*Butler County, (12th)*
*Decided August 6, 1990*

*John A. Garretson, 616 Dayton Street, P. O. Box 1166, Hamilton, Ohio 45012, for Relator.*

*Douglas E. Duckett, Butler County Administrative Center, 130 High Street, Hamilton, Ohio 45011-2579, for Respondents.*

WOLFF, J.

This case is presently before the court on a motion for summary judgment filed by relator, David J. Niehaus, Judge of the Butler County Juvenile Court, in this matter which is an action seeking to have a writ of mandamus issued by this court against respondents. Relator has supported his motion with an affidavit from the court's director of court services, and his own affidavit, which are attached hereto as Appendices A and B. Respondents are the Butler County Commissioners, Administrator and Auditor, who have opposed the motion and supported their opposition with the affidavit of Darrell W. Fraley, Director of Management and Budget for the commissioners, which is attached as Appendix C.

The controversy stems from the commissioners' refusal to approve relator's 1990 budget. Relator claims that his proposed budget seeks "the minimum amount of money this court needs in order to operate in 1990." The commissioners do not dispute relator's contention, but claim they are unable to approve the budget because the repeal of a permissive sales tax in November 1989 by the voters of Butler County will result in an approximate twenty-five per cent reduction in general fund revenues, from which the commissioners fund relator's budget.

The law is well settled. In *State, ex rel. Rudes, v. Rofkar* (1984), 15 Ohio St. 3d 69, the court stated at 71-72:

"*** it is beyond dispute that it is within the inherent power of courts of common pleas to require funding of their services and programs at a level that is both 'reasonable and necessary' to the administration of their business. At the same time, it is the duty of the board of county commissioners to provide such funds, unless the commissioners can prove that the court abused its discretion in submitting a budget that is both unreasonable and unnecessary."

These principles were reiterated in *State, ex rel. Britt, v. Bd. of Franklin Cty. Commrs.* (1985), 18 Ohio St. 3d 1, a case in which the commissioners take some comfort, wherein the court also stated at 3-4:

"This court has repeatedly stated that claims of governmental hardship, standing alone, are not determinative as to whether a court has committed an abuse of discretion in the budgetary process, and that such claims are but one relevant factor."

The material facts in this case are not in dispute. The commissioners now have twenty-five per cent less revenues coming into the general fund than they have had in the past. We are inclined to agree with them that this precludes relator from contending that they are *estopped* from claiming relator's proposed budget is not necessary or reasonable. The commissioners did not face the same budget crunch in 1989, when they approved relator's 1989 budget, that they face in 1990. Nevertheless, the focus of our inquiry is whether the commissioners have shown relator to have abused his discretion in submitting a budget that is both unreasonable and unnecessary, and not whether they are estopped from so claiming. *Id.*

Relator's proposed budget for 1990 is more than $19,000 less than his final 1989 budget. He has proposed no pay increases for any court employees in 1990. He has eliminated a non-mandated service that permitted a reduction of over $17,000. He has determined not to fill two open positions, for a savings of over $31,000. Low salaries and no planned raises have resulted in the loss of experienced probation officers. Caseload in 1989 exceeded that in 1988, and caseload in 1990 will probably exceed that in 1989. Relator has stated under oath that his "budget request for 1990 is the minimum amount the court needs in order to effectively provide the mandated services." (Milbauer, para. 8; Niehaus, para. 2.)

The commissioners have not attempted to refute relator's factual allegations. In our judg-

ment, reasonable minds could only conclude that relator has submitted a budget that is reasonable and necessary to the administration of the juvenile court. The facts here are in stark contrast to those in *Britt, supra,* where the supreme court, although recognizing that some salary increase was in order, denied a writ of mandamus where the relator court's 1985 proposed budget sought an average salary increase of 25.3 per cent. Given that relator's proposed budget is both reasonable and necessary to the administration of the juvenile court, it follows that the commissioners' claim of hardship is unavailing and that relator is entitled to a writ of mandamus, as prayed for, as a matter of law.

We fully appreciate the consternation of the commissioners, as did the supreme court in Rofkar, supra, wherein it stated at 72:

"While we appreciate the dilemma that the commissioners encounter in promulgating a budget during difficult economic times, we are compelled to remind the commissioners that the courts must not be held hostage to competing interests when the courts, in their discretionary power, submit budgetary requests that are reasonable and necessary."

*Writ of mandamus granted.*

BROGAN and GRADY, J.J., concur.

William W. Wolf, Jr., P.J., of the Second Appellate District, sitting by assignment.