THE STATE, EX REL. WEAVER, JUDGE, *v.* LAKE
COUNTY BOARD OF COMMISSIONERS ET AL.

[Cite as *State, ex rel. Weaver, v. Lake Cty. Bd
of Commrs.* (1991), 62 Ohio St.3d 204.]

(No. 90–151—Submitted September 17, 1991—Decided December 11, 1991.)

*Ulrich & Cantor* and *Abraham Cantor,* for relator.

*Steven C. LaTourette,* Prosecuting Attorney, *William L. Sheroke, Michael P. Brown* and *Dale R. Kondas,* for respondents.

*Per Curiam.* Relator, Judge William W. Weaver of the Court of Common Pleas of Lake County, Juvenile Division,[1] seeks a writ of mandamus to compel respondents, the Lake County Board of Commissioners, to appropriate funds requested, but not allocated, for the juvenile court's 1990 operating expenses. Previously, in *State, ex rel. Lake Cty. Bd. of Commrs., v. Hoose* (1991), 58 Ohio St.3d 220, 569 N.E.2d 1046, we affirmed a court of appeals judgment that granted a writ of mandamus to compel appropriations for the juvenile court's 1989 operating needs. There, we held that the court's 1989 budget, which included increases to make the salaries of employees within the juvenile court system commensurate with the salaries paid to other Lake County employees in comparable positions, had not been shown to be unreasonable or unnecessary and, therefore, that the board of county commissioners had a duty to make the appropriations in dispute.

The additional funding sought here was requested in a judgment entry dated January 17, 1990 as part of the juvenile court's entire $1,701,199

---

1. Judge Weaver succeeded Judge Richard A. Hoose in office and has been substituted for him in this action.

operating budget for that year. The court's 1990 budget is represented to be based on the appropriations requested for 1989, plus expenses for cost-of-living salary increases and projected 1990 overtime costs. Our review of the record reveals that the 1990 juvenile court operating budget contains the same line-item expenses as did the 1989 operating budget, with four exceptions: (1) expenses for court employee salaries were increased by four percent; (2) expenses for probation department employee salaries were increased by four percent; (3) expenses for detention department employee salaries were increased by approximately 14.3 percent; and (4) expenses for intake department employee salaries were increased by approximately 9.5 percent. Overall, the juvenile court's 1990 budget increased the amount requested for 1989 by approximately 7.9 percent.

Respondents did not fund the juvenile court pursuant to the January 17, 1990 judgment entry. They appropriated approximately $1,519,501, which included funds for a four-percent salary increase, which was apparently based on salary levels that were in effect before our order in *Hoose, supra.* Respondents also provided an additional $51,000 to the court "to ameliorate any alleged salary disparity which may have occurred in the case of juvenile correction [detention] officers." The difference between the appropriations requested and allocated for 1990 is, according to testimony of a representative of the commissioners, approximately $118,000.

Our statement of the law concerning funding for the continued operation of courts of common pleas in *Hoose* also applies here. There, we said:

"A court of common pleas in this state has the inherent authority to require funding which is reasonable and necessary to the administration of the court's business. *State, ex rel. Rudes, v. Rofkar* (1984), 15 Ohio St.3d 69, 71–72, 15 OBR 163, 165, 472 N.E.2d 354, 356. This court has held, time and again, that it is incumbent upon the legislative authority to provide funds which are reasonable and necessary to operate a court which requests such funding. See, *e.g., State, ex rel. Guiliani, v. Perk* (1968), 14 Ohio St.2d 235, 43 O.O.2d 366, 237 N.E.2d 397, and *State, ex rel. Arbaugh, v. Richland Cty. Bd. of Commrs.* (1984), 14 Ohio St.3d 5, 14 OBR 311, 470 N.E.2d 880. Therefore, a board of county commissioners must provide the funds requested by a court of common pleas unless the board can show that the requested funding is unreasonable and unnecessary. *State, ex rel. Britt, v. Bd. of Franklin Cty. Commrs.* (1985), 18 Ohio St.3d 1, 2, 18 OBR 1, 2, 480 N.E.2d 77, 78. The burden of proof is clearly upon the party who opposes the requested funding. *Id.* In effect, it is presumed that a court's request for funding is reasonable and necessary for the proper administration of the court. The purpose of this 'presumption' is to maintain and preserve a judicial system and judiciary that

are independent and autonomous." *Hoose, supra,* 58 Ohio St.3d at 221–222, 569 N.E.2d at 1048.

Respondents argue (1) that relator cannot rely on the judgment in *Hoose,* which established the reasonableness and necessity of the juvenile court's 1989 expenses, to show that similar expenses were reasonable and necessary in 1990, and (2) that relator's other evidence is also either inadmissible or insufficient to prove the court's need for the appropriations requested in 1990. Neither of these arguments, however, properly accounts for the burden of proof in this case. As *Hoose* holds, the juvenile court expenses are, in effect, presumed reasonable and necessary without any evidentiary showing at all by relator. Thus, until respondents supply proof to rebut this presumption, they gain nothing from their attacks on the admissibility or sufficiency of relator's evidence.

Two of respondents' challenges to relator's evidence, however, can be construed as efforts to carry their burden of proof. First, referring to a court administrator's testimony that the salary expenses added to the 1989 budget were to fund a four-percent cost-of-living increase, apparently, for all employees within the juvenile court system, respondents point out that the requested 1990 line-item expenses for salaries were actually increased, on average, by nine percent. This inconsistency suggests that the juvenile court's request for an increase in salary expenses was excessive, but is adequately rebutted by the court's January 17, 1990 judgment entry, which explains that the requested increase also accounted for projected overtime costs.

Second, respondents refer to testimony indicating that the salaries of corrections officers in the Lake County Sheriff's Department were decreased in 1990. Respondents submitted this evidence, apparently, because some of the appropriations in *Hoose, supra,* were requested to correct pay disparities between sheriff's correction officers and juvenile court detention officers, and the evidence suggests to respondents that funding for detention officer salary increases is no longer justified. We, however, are unable to conclude just from a salary decrease in the sheriff's department, particularly one that resulted from labor negotiations and mediation, that the juvenile court employees are not now entitled to salary levels comparable to those that the sheriff's department employees previously enjoyed.

Respondents also argue that Lake County cannot afford the juvenile court budget to the extent of the court's January 17, 1990 order. To this end, respondents submitted testimony about the county's declining personal property tax revenues, the county's declining annual carryover balances, and the county's insufficient resources in 1990 to fund county-wide appropriation requests. As respondents acknowledge, however, government hardship may

be considered, but is not enough by itself to establish an abuse of discretion in determining the required amount of court funding. *State, ex rel. Britt, v. Franklin Cty. Bd. of Commrs.* (1985), 18 Ohio St.3d 1, 3–4, 18 OBR 1, 3, 480 N.E.2d 77, 79.

Based on the foregoing, respondents have failed to show that the juvenile court's 1990 budget order was unreasonable or unnecessary, which means that a writ of mandamus to compel the required appropriations may issue.[2] Respondents, however, also ask us to dismiss this case as moot on the authority of *State, ex rel. Rudes, v. Rofkar* (1984), 15 Ohio St.3d 69, 15 OBR 163, 472 N.E.2d 354.

In *Rudes*, we said that a claim for a writ of mandamus to compel court appropriations may become moot when the year for which the appropriations are requested has ended. However, we did not dismiss that case as moot; we instead affirmed a judgment granting the writ because the case involved issues of great public interest. This case involves the same question as *Rudes* did—whether court expenses are reasonable and necessary. Thus, *Rudes* actually prevents a dismissal here.

Moreover, we are no longer persuaded that mandamus actions for court appropriations are necessarily moot if not resolved prior to the end of a budget year. For a matter to be considered moot, relief in the case must be impossible to grant. *State, ex rel. Eliza Jennings, Inc., v. Noble* (1990), 49 Ohio St.3d 71, 74, 551 N.E.2d 128, 131. To prove impossibility here, however, would at least require a showing that the juvenile court's reasonable and necessary expenses could not be funded without taking money from other county offices and rendering them unable to perform their statutory duties. *State, ex rel. Brown, v. Franklin Cty. Bd. of Commrs.* (1970), 21 Ohio St.2d 62, 50 O.O.2d 159, 255 N.E.2d 244.[3]

Respondents do not assert impossibility as described in *Brown;* they argue instead that the county revenues from 1990 have already been appropriated.

---

2. In reaching this conclusion, we have considered only the evidence submitted in the case before us. Accordingly, we deny relator's motion to supplement this record with the evidence admitted by the court of appeals in *Hoose, supra.*

3. Whether even this showing would suffice is debatable because we have also held that: "Courts of general jurisdiction, whether named in the Constitution or established pursuant to the provisions thereof, possess all powers necessary to secure and safeguard the free and untrammeled exercise of their judicial functions and cannot be directed, controlled or impeded therein by other branches of the government." *Zangerle v. Cuyahoga Cty. Ct. of Common Pleas* (1943), 141 Ohio St. 70, 25 O.O. 199, 46 N.E.2d 865, paragraph two of the syllabus; approved and followed in *State, ex rel. Foster, v. Wittenberg, supra,* at paragraph two of the syllabus.

In *State, ex rel. Foster, v. Wittenberg* (1968), 16 Ohio St.2d 89, 91, 45 O.O.2d 442, 444, 242 N.E.2d 884, 885, however, we held that a board of county commissioners cannot escape its mandatory duty to fund the reasonable and necessary expenses of a common pleas court even if the board appropriated such funds to others. We further held that the board cannot use prior appropriations as a defense to a subsequent mandamus action.

Similarly, in *State, ex rel. Moorehead, v. Reed* (1964), 177 Ohio St. 4, 6, 28 O.O.2d 409, 410, 201 N.E.2d 594, 596, we held that the required appropriations must be made even if "there are no unappropriated or unencumbered funds out of which the additional funds could be appropriated, and * * * to comply with * * * [the court's] request would work an undue hardship and burden on other offices and agencies." Accord *State, ex rel. Clarke, v. Lawrence Cty. Bd. of Commrs.* (1943), 141 Ohio St. 16, 25 O.O. 134, 46 N.E.2d 410. Thus, in *State, ex rel. Milligan, v. Freeman* (1972), 31 Ohio St.2d 13, 60 O.O.2d 7, 285 N.E.2d 352, we allowed a writ of mandamus in 1972 to compel funding for a domestic and juvenile court's 1971 expenses because sufficient unappropriated and unencumbered revenues were available when the court's budget request was made. *Cf. Hoose, supra.*

*Foster, Moorehead, Clarke,* and *Milligan* require the conclusion that respondents remain under a duty to appropriate for the juvenile court's reasonable and necessary operating needs as long as those needs exist. Thus, we hold that to the extent these needs carry over into succeeding budget years, so too does the duty to make corresponding appropriations. Accord *State, ex rel. Cleveland Mun. Ct., v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 123, 63 O.O.2d 199, 201, 296 N.E.2d 544, 547–548 (failure to provide funding for requested court expenses prevents issue from being moot). The statement to the contrary in *Rudes,* therefore, is overruled.[4]

Accordingly, having determined that relator is entitled to a writ of mandamus, we order respondents to immediately appropriate funding for the juvenile court in accordance with the judgment entry of January 17, 1990.

*Writ allowed.*

---

4. Respondents also cite *State, ex rel. Wolfe, v. Mong* (1937), 57 Ohio App. 151, 9 O.O. 124, 12 N.E.2d 494, in which the Court of Appeals for Summit County held that a county employee could not use mandamus to recoup money allegedly due him as salary earned in previous years, in part, because the county treasury did not contain sufficient unappropriated funds. *Wolfe* has no application here because it does not account for a board of county commissioners' duty to fund the reasonable and necessary expenses of a common pleas court or our decisions in *Foster, Moorehead, Clarke,* and *Milligan.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., concurs in judgment only.