[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 510.]

THE STATE EX REL. MORLEY, JUDGE, *v*. LORDI ET AL.

[Cite as *State ex rel. Morley v. Lodi*, 1995-Ohio-182.]

*Mandamus to compel board of county commissioners to appropriate funds requested by probate court—Writ granted, when.*

(No. 95-128—Submitted May 9, 1995—Decided July 19, 1995.)

IN MANDAMUS.

ON MOTION for Summary Judgment.

_____

{¶ 1} Relator, Judge Leo P. Morley of the Court of Common Pleas for Mahoning County, Probate Division, requests a writ of mandamus to compel respondents, the Board of Commissioners of Mahoning County and its members, to appropriate certain sums demanded for the probate court's expenses for 1995. Specifically, in a journal entry filed December 30, 1994, relator requested $499,166 for administrative salaries, $7,500 for other salary requirements, including temporary help, and $18,478.02 for indigent guardian salaries. Respondents appropriated $24,533 less than relator determined to be reasonable and necessary for administrative salaries, $7,500 less than he determined to be reasonable and necessary for other salary requirements, and $528.02 less than he determined to be reasonable and necessary for indigent guardianship salaries.

{¶ 2} On March 1, 1995, we overruled respondents' motion to dismiss and granted an alternative writ. The alternative writ required the filing of (1) evidence by March 21, 1995, (2) relator's brief within the next ten days, (3) respondents' brief twenty days after relator's brief, and (4) relator's reply within the succeeding five days. No evidence or briefs were submitted pursuant to this schedule.

{¶ 3} The cause is now before us on relator's motion for summary judgment, which was unopposed.

———————————

*Avetis G. Darvanan* and *David R. White*, for relator.

*James A. Philomena*, Mahoning County Prosecuting Attorney, and *Diane Politi*, Assistant Prosecuting Attorney, for respondents.

———————————

***Per Curiam.***

**{¶ 4}** This cause presents two issues for our review: (1)  Is mandamus available to compel appropriations to fund probate court expenses? and (2)  Should the motion for summary judgment be granted?  For the reasons that follow, we hold that a writ of mandamus may issue to compel the reasonable and necessary expenses of the courts of common pleas and their divisions, that the record contains no evidence to suggest that relator abused his discretion in determining the reasonable and necessary expenses of the probate court, and, therefore, that relator is entitled to judgment as a matter of law.  Accordingly, we grant the motion for summary judgment and the requested writ of mandamus.

*Mandamus*

**{¶ 5}** In *State ex rel. Lake Cty. Bd. of Commrs. v. Hoose* (1991), 58 Ohio St.3d 220, 221-222, 569 N.E.2d 1046, 1048, and *State ex rel. Weaver v. Lake Cty. Bd. of Commrs.* (1991), 62 Ohio St.3d 204, 205, 580 N.E.2d 1090, 1092, we recognized that a juvenile court, as a division of the court of common pleas, has inherent authority to require funding that is reasonable and necessary to the administration of the court's business.  We explained:

"This court has held, time and again, that it is incumbent upon the legislative authority to provide funds which are reasonable and necessary to operate a court which requests such funding.  See, *e.g., State ex rel. Guiliani v. Perk* (1968), 14 Ohio St.2d 235, 43 O.O.2d 366, 237 N.E.2d 397, and *State ex rel. Arbaugh v. Richland Cty. Bd. of Commrs.* (1984), 14 Ohio St.3d 5, 14 OBR 311, 470 N.E.2d 880.  Therefore, a board of county commissioners must provide the funds requested

by a court of common pleas unless the board can show that the requested funding is unreasonable and unnecessary. *State ex rel. Britt v. Bd. of Franklin Cty. Commrs.* (1985), 18 Ohio St.3d 1, 2, 18 OBR 1, 2, 480 N.E.2d 77, 78. The burden of proof is clearly upon the party who opposes the requested funding. Id. In effect, it is presumed that a court's request for funding is reasonable and necessary for the proper administration of the court. The purpose of this 'presumption' is to maintain and preserve a judicial system and judiciary that are independent and autonomous." *Hoose* at 221-222, 569 N.E.2d at 1048; *Weaver* at 205-206, 580 N.E.2d at 1092.

{¶ 6} *Weaver* also recognized that a writ of mandamus is available in this court to compel funding for the reasonable and necessary expenses of the court of common pleas and its divisions. Accord *State ex rel. Rudes v. Rofkar* (1984), 15 Ohio St.3d 69, 71-72, 15 OBR 163, 165, 472 N.E.2d 354, 356, overruled on other grounds, *Weaver* at 208, 580 N.E.2d at 1094; *Arbaugh, supra; Guiliani, supra.*

{¶ 7} Relator submitted proof—his journal entry, documents prepared by the county auditor, and his affidavit—that he determined the reasonable and necessary funding required for the probate court's 1995 operating expenses, and that respondents did not appropriate all the funding he requested. Respondents, who bear the burden of proof, have submitted no evidence that relator abused his discretion in making this determination. Relator, therefore, has a valid claim for a writ of mandamus to compel the appropriation of the difference in funding requested.

*Summary Judgment*

{¶ 8} Relator, as "a party seeking to recover upon a claim," may file a motion for summary judgment seeking affirmative relief after expiration of the time for a responsive motion or pleading. Civ.R. 56(A). To grant his motion, we must find that:

"'(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from

the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1132, quoting *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 9} Courts are to award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. *Leibreich v. A.J. Refrigeration, Inc*. (1993), 67 Ohio St.3d 266, 269, 617 N.E.2d 1068, 1071, citing *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138. However, " * * * we do not wish to discourage this procedure where a * * * [nonmoving party] fails to respond with evidence supporting the essentials of its claim. Summary judgment is appropriate when the nonmoving party does not 'produce evidence on any issue for which that party bears the burden of production at trial.'" *Leibreich, id*., citing *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

{¶ 10} Relator's journal entry and affidavit, at least, are properly considered in support of his motion. Civ.R. 56(C) (only the pleadings, and timely filed depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, may be considered on summary judgment). Such proof is not required, however, as Civ.R. 56(A) permits the motion "with or without supporting affidavits," providing it "specifically delineate[s]" the reasons why summary judgment is appropriate. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. But even without evidence, relator's motion must still satisfy the tripartite test—(1) that no genuine issue as to any material fact exists, (2) that he is entitled to judgment as a matter of law, and (3) that the evidence, when construed most strongly against him, permits only a decision in his favor. Civ.R. 56(C).

**{¶ 11}** Relator has made this showing. Again, the duty for county commissioners to appropriate for the reasonable and necessary expenses of a common pleas court and its divisions is well established, *Hoose, supra*, at 221-222, 569 N.E.2d at 1048, and respondents have offered nothing to suggest an abuse of discretion. Accordingly, no material factual issues exist in this case, and relator is entitled to judgment as a matter of law.

**{¶ 12}** Relator also cites R.C. 2731.10 to argue that respondents' failure to provide evidence in response to the alternative writ entitles him to a writ of mandamus.

**{¶ 13}** Formerly, an answer was the established procedural response to an alternative writ, see R.C. 2731.09 ("On the return day of an alternative writ of mandamus, * * * the defendant [sic, respondent] may answer as in a civil action."); *State ex rel. Woodbury v. Spitler* (1973), 34 Ohio St.2d 134, 63 O.O.2d 229, 296 N.E.2d 526; and we have enforced the charge in R.C. 2731.10 that "[i]f no answer is made to an alternative writ of mandamus, a peremptory mandamus must be allowed against the defendant [*sic*, respondent]." See, *e.g., State ex rel. Papp v. Norton* (1993), 66 Ohio St.3d 162, 610 N.E.2d 979. Accord *State ex rel. Moore v. Hocking Cty. Bd. of Elections* (1964), 1 Ohio App.2d 10, 13, 30 O.O.2d 54, 55, 203 N.E.2d 493, 494. Recent amendments to the Supreme Court Rules of Practice governing original actions, however, now permit our disposition of such actions without the necessity of filing an answer. See S.Ct. Prac. R. X(5) (court may dismiss, issue an alternative writ, or issue a peremptory writ whether respondent answers or moves to dismiss) and (6) ("When an alternative writ is issued, the Supreme Court will issue a schedule for the presentation of evidence and the filing and service of briefs or other pleadings."). But, see, S.Ct.Prac. R. X(1) (R.C. Chapter 2731 applies to original actions). Consistently, these amendments do not treat an alternative writ of mandamus as an order to answer and show cause why mandamus should not issue, as R.C. 2731.07 describes it. See, also, *Moore, supra,*

at 13, 30 O.O.2d at 55, 203 N.E.2d at 494-495. Rather, the alternative writ now functions as a court-ordered evidence and briefing schedule, which manifests the expectation that the relator's claim for the writ "may have merit." Staff and Committee Notes to S.Ct.Prac. R. X(5) and X(6).

{¶ 14} Pursuant to these amendments, the alternative writ issued in this case set a schedule for evidence and briefing and did not order respondents to answer. R.C. 2731.10 and *Papp*, therefore, cannot apply to justify issuing a peremptory writ for respondents' failure to answer in compliance with the alternative writ. Accordingly, relator is not entitled to a writ of mandamus on the authority of R.C. 2731.10.

{¶ 15} As relator has established that no material factual dispute exists in this case and that he is entitled to judgment as a matter of law, we grant his motion for summary judgment and issue a writ of mandamus to compel the funding requested, but not appropriated, for the probate court's 1995 expenses.

*Writ granted.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____