OPINION
Plaintiff-appellant, Tawny Eby, appeals the decision of the Preble County Court of Common Pleas granting the partial motion for summary judgment of defendant-appellee, Progressive Insurance Company ("Progressive").[1] For the reasons set forth below, we affirm the decision of the trial court.
Appellant and her son were insured under one policy with Progressive when her son was killed in the one-vehicle accident involving an uninsured driver on May 24, 1997. The uninsured/underinsured motorist coverage under the policy was $50,000 per person and $100,000 per accident.
Progressive entered into a wrongful death partial settlement with the estate of appellant's son for $50,000, with the estate reserving the right to pursue the per accident limits of the insurance policy. After appellant filed her complaint, Progressive moved for partial summary judgment, which was granted by the trial court. Appellant appeals that determination and raises one assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-APPELLEE PROGRESSIVE INSURANCE COMPANY COULD LIMIT ALL CLAIMS RESULTING FROM THE INSTANT ACCIDENT TO A SINGLE PER PERSON LIMITATION OF LIABILITY.
When reviewing a trial court's ruling on summary judgment on appeal, we conduct an independent review of the record. Jones v. Shelley Co. (1995), 106 Ohio App.3d 440. Summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewing that evidence most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. Civ.R. 56(C); Stateex rel. Morley v. Lordi (1995), 72 Ohio St.3d 510, 512.
Appellant argues that she is entitled to assert her own loss of consortium claim with respect to the death of her son subject to the per occurrence limit of the uninsured motorist coverage policy.
The insurance policy in the instant case involves, in part, the following uninsured/underinsured motorist coverage ("UM/UIM") language under Part III:
 The Limit of Liability shown on the Declarations Page for the coverage under Part III is the most we will pay regardless of the number of:
1. claims made;
2. covered vehicles;
3. insured persons;
4. lawsuits brought;
5. vehicles involved in an accident;
6. premiums paid; or
7. policies issued by us.
* * * *
If your Declarations Page shows a split limit:
 1. the amount shown for `each person' is the most we will pay for all damages due to a bodily injury to one (1) person;
 2. subject to that `each person' limit, the amount shown for `each accident' is the most we will pay for all damages due to a bodily injury to two (2) or more persons in any one (1) accident; and
 3. any amount shown for `property damage' is the most we will pay for the aggregate of all property damage caused by any one (1) accident.
 The bodily injury Limit of Liability under the Part III for `each person' includes the aggregate of claims made for such bodily injury and all claims derived from such bodily injury, including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death." (bold type omitted).
Progressive argues that R.C. 3937.18(H) permits it to limit recovery for all claims arising out the bodily injury sustained by one person to the "per person" policy limits, and that the insurance policy unambiguously does so.[2]
Appellant's brief extensively discusses the set-off provisions of underinsured coverage pursuant to R.C. 3937.18(A)(2), and various court interpretations of the language "amount available for payment" contained in R.C. 3937.18(A)(2)[3] when discussing set-offs from amounts received by tortfeasors.
This case involves an uninsured motorist. There is apparently no dispute for purposes of this appeal that recovery was due on the uninsured provisions of the Progressive policy and that no payments had been received from a tortfeasor for which set-offs would be applicable. The issue before this court is whether Progressive may limit all claims and claimants arising out of the bodily injury of one person to the "per person" limits of the UM/UIM motorist coverage.
Appellant cites this court to Savoie v. Grange Mutual Ins. Co. (1993),67 Ohio St.3d 500. Paragraph four of the syllabus in Savoie states that each person covered by an UM/UIM policy and who is presumed damaged pursuant to the wrongful death statute has a separate claim subject to a separate per person policy limit. However, Savoie was issued before S.B. 20 amended R.C. 3937.18. Section 10 of S.B. 20 establishes the legislature's intent in enacting division (H) of R.C. 3937.18 to legislatively supersede the holding in Savoie and to permit consolidation of all claims for the bodily injury to one person under the policy's per person limits. See Section 10, Am.Sub. S.B. No. 20, effective 10-20-94.
Appellant cites a number of cases reversed by the Ohio Supreme Court upon the authority of Clark v. Scarpelli (2001), 91 Ohio St.3d 271, andLittrell v. Wigglesworth (2001), 91 Ohio St.3d 425. Both Scarpelli andLittrell involved the calculation of underinsured motorist coverage set-offs for payments received from tortfeasors. Scarpelli also dealt with the consolidation of claims.
On the consolidation of claims, the Scarpelli court stated that, "R.C.3937.18(H) permits automobile liability insurers to include provisions in their insurance policies that consolidate all individual wrongful death claims arising out of any one person's bodily injury into a single claim and thereby limit all wrongful death damages to a single per-person policy limit." Scarpelli at 282. "This consolidation must affirmatively appear in the policy, i.e., insurers must include language within their policies of insurance that clearly and unambiguously consolidates such claims in order to give effect to such limit." Id.
While the Scarpelli court reiterated that each wrongful death beneficiary's claim is considered separate and distinct from the claim of the estate and from each other, it found that insurers may consolidate all individual wrongful death damages to a single per person policy limit. Id. Appellant's loss of consortium claim arising from the bodily injury to one person is also subject to consolidation under the per person limits, if such limitation is clear. See Lippert v. Peace (Mar. 27, 2001), Hancock App. No. 5-2000-41, unreported, discretionary appeal not allowed, 92 Ohio St.3d 1450; Carmon v. Nationwide Mut. Ins. Co. (July 26, 2001), Scioto App. No. 00CA2741, unreported.
Appellant further argues that the elimination of compensation to beneficiaries for loss of consortium violates Ohio public policy. We do not find that this policy language eliminates any lawful claims. Rather, it contractually consolidates the lawful claims arising out of the bodily injury of one person under the insurance policy's per person limits.
In ruling on the motion for summary judgment, the trial court stated that, "[t]here can be no question that the policy issued in this case clearly and unambiguously limits recovery to the per person limit." The trial court continues later in the decision, stating, "Progressive is simply asserting that the language of its policy limits all claims arising from Michael B. Eby's death to one per person policy limit. Ohio Revised Code section 3937.18(H) permits this, and the policy in question clearly provides for such a limit."
After an independent review of the case law, the statutory authority, and the language of the instant policy, we find that R.C. 3937.18(H) permits insurers to consolidate all claims arising out of the bodily injury to any one person to the per-person policy limits and the terms of the instant policy unambiguously incorporate that permitted consolidation into this insurance contract.
Viewing the evidence most favorably for appellant on Progressive's motion for summary judgment, we find no material issue of fact exists on the issue before this court. Reasonable minds could come to but one conclusion, and that conclusion is adverse to appellant. Progressive is entitled to judgment as a matter of law. The trial court did not err in granting summary judgment to Progressive on the issue of consolidation of claims under the per person limitation of liability. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Appellant filed her complaint individually and as administratrix of the estate of her deceased son. The notice of appeal also designates this dual capacity for appellant. The assignment of error principally involves appellant in her individual capacity and therefore, we will use the singular designation when referring to appellant in this opinion.
[2] The version of R.C. 3937.18(H) applicable here states:
 Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
[3] The version of R.C. 3937.18(A)(2) applicable here states, in part, that
 Underinsured motorist coverage * * * shall provide protection for an insured against loss for bodily injury * * * suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorists coverage. * * * The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.