Thomas E. **ENGLAND**, Plaintiff-Appellant,

v.

**AUTOMATIC CANTEEN COMPANY OF AMERICA**, Defendant-Appellee.

No. 16011.

United States Court of Appeals
Sixth Circuit.

July 20, 1965.

Lyman Brownfield, Columbus, Ohio, Brownfield, Kosydar, Folk, Yearling & Dilenschneider, Columbus, Ohio, on brief, for appellant.

Earl F. Morris, Columbus, Ohio, Wright, Harlor, Morris, Arnold & Glander, by Rudolph Janta, Jr., Jon M. Anderson, Columbus, Ohio, Friedlund, Levin & Friedlund, by Arthur M. Solomon, Chicago, Ill., on brief, for appellee.

Before PHILLIPS, Circuit Judge, MACHROWICZ, District Judge, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Thomas E. England brought an action in the District Court in Ohio, claiming damages from the Automatic Canteen Company of America for libel, arising out of a statement made by the Company in an annual report to stockholders. It was stipulated between the parties that whether the statement in question was libelous was the "initial determinative issue for determination in this case and could be disposed of primarily to other

issues." The district court found that the statement in question was not libelous and entered an order dismissing the action, from which Mr. England appeals.

The claimed libelous statement was contained in a lengthy annual report rendered by the Automatic Canteen Company of America to its stockholders, in which were described developments in the affairs of the Company since the preceding annual report, income and revenues during the period covered, the financial position of the Company, a trend in the industry, equipment of the appellee, and other general information about the affairs of the Company.

In the Spring of 1950, the appellee company published its annual report of which no complaint is here made by appellant. The report stated: "The Company is also defendant in a suit brought in the Federal Court in Ohio by one of the Company's distributors charging the Company with violations of the Federal Antitrust Laws and other alleged illegal practices."

The foregoing was true. Appellant had sued appellee company in March 1949 under the antitrust laws. He had been in the business of jobbing and selling packaged food items, such as candy bars, cigarettes and the like, through vending machines leased from appellee company. The Company owned and leased such vending machines to appellant, and sold merchandise for the machines which it leased.

Later on, in the Fall of 1950, appellee vending company sued appellant, asking among other relief the appointment of a receiver of the assets of the distributor. A hearing was held upon the application for a receiver, and by agreement of the parties, a receiver was appointed for the assets of appellee Automatic Canteen Company of America, which were in appellant's possession as distributor, under a lease from appellee, and certain accounts which appellant had established with third parties, such as service stations, whereby appellant had obtained the right to place vending machines, known as canteens, on location, to serve the public.

The alleged libelous statement in this case appeared in appellee's report to stockholders for the year ended September 30, 1950, in which it was stated: "As previously reported, a distributor and the Company are involved in litigation in Ohio. In these proceedings the Court has appointed a receiver for the assets of the distributor. In the opinion of the management no loss to the Company will result from this litigation."

The Company had appointed appellant as a distributor in Ohio. How many similar distributors the Company had in Ohio does not appear. In appellant's possession, as distributor, he had assets, including vending machines, or canteens, of the Company. The receiver was appointed for these assets, which were in appellant's hands by virtue of his being distributor.

The report of the Company to its stockholders, that in the suit between the Company and the distributor a receiver had been appointed for the assets of the distributor, and that probably the corporation would not suffer any loss in the litigation, was held by the district court to be not libelous.

Appellant, Mr. England, contends that when the corporation reported to its stockholders that in the litigation between a distributor in Ohio, and the Company, a receiver had been appointed for the assets of the distributor, that statement meant that a receiver had been appointed for Mr. England's personal property and assets.

Mr. England's name was not mentioned by the Company in the report. Only a distributor was referred to. The suit was stated, in the report, to be an action between the Company and a distributor.

The claim of libel is based on the contention that the statement in the Company's report that a receiver was appointed for the assets of the distributor must be understood as a statement that a receiver was appointed for Mr. England, an individual.

Appellee submits that the statement that a receiver was appointed for the assets of the distributor is to be understood as meaning that a receiver was appointed for the assets of the distributorship, or agency.

In Webster's New International Dictionary, (Second Edition, Unabridged), while the word "distributor" is defined as "one who or that which distributes; a distributor," it has a second meaning: "An agent or agency for marketing, usually in a particular territory, some manufactured goods, or other commodities."

Considering that, in the commonly understood meaning of the term, an agency is an organization engaged in marketing, the term, "assets of the distributor," can reasonably mean the "assets of the marketing agency or organization."

In Brewer v. Hearst Pub. Co., et al., 185 F.2d 846, 850, (C.A. 7), the court said:

"The words must be taken in the sense which readers of common and reasonable understanding would ascribe to them, that is, in their ordinary and common acceptation. The meaning of the words alleged to be libelous cannot, by innuendo, be extended beyond a reasonable construction. Life Printing and Publishing Co. v. Field, 324 Ill.App. 254–262, 58 N.E.2d 307. Innuendos are not available to impute libel to an article which in itself is otherwise innocent of any libelous meaning. Words alleged to be libelous will receive an innocent construction if they are reasonably susceptible of it."

In Crosby v. Time, Incorporated, 254 F.2d 927, 930, (C.A. 7), in a libel case, the court held that the language used must receive an innocent construction when susceptible of such interpretation and cannot by innuendo be extended beyond a reasonable construction. In Porcella v. Time, Inc., 300 F.2d 162, 167 (C.A. 7), in a libel case, the court quoted with approval from John v. Tribune Company, 24 Ill.2d 437, 181 N.E.2d 105 (Sup.Ct. of Ill.), the following:

"We further believe the language in defendant's articles is not libelous of plaintiff when the innocent construction rule is consulted. That rule holds that the article is to be read as a whole and the words given their natural and obvious meaning, and requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law."

■■■ If the words, "assets of the distributor," are susceptible of two meanings —(1) the assets of the distributing agency, or organization, and (2) the assets of the individual, who happened to be the distributor—the libelous meaning should be rejected, and the innocent meaning adopted.

Following the rule that the words claimed to be libelous must receive an innocent construction if they are reasonably susceptible of it, we construe the word, "distributor," used in the Company's report, as referring to the representative capacity rather than the individual capacity of the person who happened to be the distributor, and the term "a receiver of the assets of the distributor" as meaning a receiver of the assets of the distributorship or agency, and not of the assets of Mr. England individually.

In accordance with the adoption of the innocent construction of the words in question, as above set forth, it follows that they are not libelous; and the judgment of the district court is affirmed.