THE STATE, EX REL. AVELLONE, APPELLEE AND CROSS-APPELLANT, *v.*
BOARD OF COUNTY COMMISSIONERS OF LAKE COUNTY ET AL., APPELLANTS
AND CROSS-APPELLEES.

[Cite as State, ex rel. Avellone, *v.* Bd. of Commrs. of Lake Cty. (1989),
45 Ohio St. 3d 58.]

(No. 88-295—Submitted June 6, 1989—Decided August 16, 1989.)

*Ulrich & Cantor* and *Abraham Cantor,* for appellee and cross-appellant.

*Klammer & Trebets* and *Theodore R. Klammer,* for appellants and cross-appellees.

*Per Curiam.* Four questions are raised in this appeal. They are, in the order presented: (1) Did the court of appeals err in finding that the board has a clear legal duty to appropriate $116,871 for the Lake County domestic relations court to hire a third referee and support staff in light of Judge Avellone's having hired two part-time referees? (2) Did the court of appeals err in excluding the board's expert evidence? (3) Did the court of appeals err in excluding the budget director's testimony on the effect of Judge Avellone's order reducing poundage? and (4) Does the board also have a clear legal duty to appropriate $28,000 for computerizing the domestic relations court?

For the reasons set forth below, we conclude that the board's expert evidence was relevant and that its exclusion constituted prejudicial error. We therefore do not reach the ultimate issue of whether the board is obligated to make the $116,871 appropriation. Beyond this, however, we find that there is no justification for reversing the court of appeals in response to either of the parties' remaining arguments.

The principles of law that are applicable in mandamus actions seeking to compel appropriations for a common pleas court's operation were generally set forth in *State, ex rel. Britt,* v. *Bd. of Cty. Commrs.* (1985), 18 Ohio St. 3d 1, 2, 18 OBR 1, 2, 480 N.E. 2d 77, 78:

"A court of common pleas possesses inherent authority to require funding for its services at a level that is both reasonable and necessary to the administration of the judicial process. *State, ex rel. Rudes,* v. *Rofkar* (1984), 15 Ohio St. 3d 69, 71-72. In turn, the board of county commissioners must provide the requested funds, unless the commissioners can establish that the court abused its discretion in submitting a budget which is unreasonable and unnecessary. *State, ex rel. Giuliani,* v. *Perk* (1968), 14 Ohio St. 2d 235, 237 [43 O.O. 2d 366]; *State, ex rel. Foster,* v. *Bd. of Cty. Commrs.* (1968), 16 Ohio St. 2d 89, 90 [45 O.O. 2d 442]; *State, ex rel. Johnston,* v. *Taulbee* (1981), 66 Ohio St. 2d 417, 422 [20 O.O. 3d 361]; *State, ex rel. Durkin,* v. *Youngstown City Council* (1984), 9 Ohio St. 3d 132, 134; *Arbaugh, supra* [(1984), 14 Ohio St. 3d 5], at 6. The burden of proof is clearly upon the party who opposes the allocation of funds. *State, ex rel. Musser,* v. *Massillon* (1984), 12 Ohio St. 3d 42; *Rofkar, supra,* at 72."

By giving a common pleas court broad, but not unfettered, discretion to act in making its budget, the "reasonableness and necessity" test seeks to maintain the respective sovereignty of each branch of government when a budget conflict arises. *State, ex rel. Arbaugh,* v. *Richland Cty. Bd. of Commrs.* (1984), 14 Ohio St. 3d 5, 6, 14 OBR 311, 312, 470 N.E. 2d 880, 881. It necessarily entails a determination as to whether the court of common pleas abused its discretion in requesting budgetary amounts. *Britt, supra,* at 3, 18 OBR at 2, 480 N.E. 2d at 79. In *Britt,* we recognized that this standard

is difficult to apply in many instances. *Id.*

A board of county commissioners must be given ample opportunity to show that a common pleas court abused its discretion in making an appropriation request. All relevant evidence should be considered, even if its relevance is only marginal. Permitting the admission of such evidence increases a board's chances of carrying its burden of proof, but does not impede the preservation of judicial autonomy. It thus prevents the constitutionally mandated balance of power between the governmental branches from being tipped too far in favor of the judiciary.

Here, the board's excluded expert evidence generally suggested that the Lake County domestic relations court used allocated funds less efficiently than two other Ohio courts. While the weight of this evidence is debatable, the evidence may increase the probability that Judge Avellone could make better use of the appropriations that the board has already given him. If true, this fact could affect the reasonableness and necessity of an appropriation request. Therefore, the board's expert evidence was relevant under Evid. R. 401.

A final judgment may not be disturbed due to the exclusion of evidence unless a substantial right of a party is affected. Civ. R. 61. See, also, generally, *Leichtamer* v. *American Motors Corp.* (1981), 67 Ohio St. 2d 456, 473-475, 21 O.O. 3d 285, 296-297, 424 N.E. 2d 568, 580-581. Because all relevant probative evidence should be admitted, the court of appeals' evidentiary ruling affected a substantial right in that it unduly restricted the board's efforts to sustain its burden of proof. Allowing this ruling to stand would be inconsistent with both substantial justice, Civ. R. 61, and with maintaining the tri-partite balance of power. Therefore, we are compelled to reverse the court of appeals' decision and to remand the cause for further proceedings consistent with this opinion.

As for the remaining issues at bar, we have no reason to find that the court of appeals' exclusion of the budget director's testimony was error. If this testimony had any relevance below, it was only in connection with the appropriation request for computerizing the bureau of support. The court of appeals' order did not require the board to make this appropriation and that finding is not the subject of this appeal.

Likewise, we have no reason to find that the court of appeals erred by not including in its order a $28,000 appropriation for computerizing the domestic relations court. The appellate court's hearing and its decision were based on Judge Avellone's complaint seeking $55,000 to computerize the domestic relations court. The court of appeals correctly found that a $55,000 appropriation request had not been made in the domestic relations court's original budget request form. This finding may not be circumvented by the assertion of a revised $28,000 request for the first time on appeal.

Based on the foregoing, the court of appeals' decision is affirmed in part and reversed in part. The cause is remanded for the admission of the board's expert evidence and for further proceedings that are consistent with our opinion.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded.*

Moyer, C.J., Sweeney, Holmes, Wright and H. Brown, JJ., concur.

Douglas, J., concurs in judgment only.

RESNICK, J., dissents in part.

ALICE ROBIE RESNICK, J., dissenting in part. I would affirm the court of appeals' decision in its entirety.

Broad discretion is placed in a court in the admission and exclusion of evidence. See *Calderon* v. *Sharkey* (1982), 70 Ohio St. 2d 218, 24 O.O. 3d 322, 436 N.E. 2d 1008.

In the instant case the relevancy of expert testimony as to the issue of whether the Lake County domestic relations court was operating as efficiently as the Cuyahoga County and Trumbull County domestic relations courts was a question to be resolved by the appellate court. It can hardly be said that by excluding this testimony the court of appeals acted in an arbitrary, unreasonable or unconscionable manner. I would find no abuse of discretion and therefore would affirm the judgment of the court of appeals in its entirety.