VAN DEUSEN, Appellant,

v.

BALDWIN, Appellee.

[Cite as *Van Deusen v. Baldwin* (1994), 99 Ohio App.3d 416.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2345–M.

Decided Dec. 21, 1994.

*Steve C. Bailey,* for appellant.

*Patrick M. Flanagan* and *Jerome J. Savoy,* for appellee.

COOK, Judge.

George Van Deusen ("Van Deusen") appeals from a trial court order granting summary judgment to Carl Baldwin ("Baldwin") on Van Deusen's defamation claim. Van Deusen appeals, asserting that the trial court erred (1) in finding that Baldwin's allegedly defamatory statement was an expression of opinion and therefore immune from defamation liability, and (2) in failing to rule on two motions to compel discovery, filed by Van Deusen, prior to granting summary judgment for Baldwin. We affirm because (1) the trial court correctly determined that Baldwin's statement was not defamatory as a matter of law, and (2)

any error committed by the trial court in refusing to rule on Van Deusen's motions to compel was harmless.

Van Deusen is one of the trustees of Hinckley Township; Baldwin is a township resident. Baldwin regularly attended and videotaped township meetings. At one of these meetings, Baldwin told Van Deusen, "I have enough on you to be living at 1267 River Road."[1] Van Deusen lives at 1267 River Road.

Van Deusen sued Baldwin for defamation and intentional infliction of emotional distress, claiming that the statement implied wrongdoing on Van Deusen's part and that any such statement was false. During the course of litigation, Van Deusen sought to obtain from Baldwin copies of the videotapes of the meetings. Van Deusen moved to compel production of these videotapes, particularly seeking the videotape of the meeting at which Baldwin made his remark. Baldwin responded that he had taped over that meeting. Van Deusen also moved to compel Baldwin to answer an interrogatory, objected to by Baldwin, requesting any information known to Baldwin which would subject Van Deusen to civil or criminal liability. The trial court failed to rule on either of Van Deusen's motions to compel prior to granting Baldwin's motion for summary judgment on the defamation claim.

Van Deusen, who voluntarily dismissed his intentional infliction of emotional distress claim, assigns two errors in his appeal.

### Assignment of Error I

"The trial court erred in determining that [Baldwin]'s statement was an expression of opinion which barred an action for defamation."

The trial court, in its order granting summary judgment for Baldwin, found that Baldwin's statements were expressions of opinion, not fact. Van Deusen attacks this finding, claiming that Baldwin's statement was not made "in the language of opinion" and that the statement implied that Van Deusen had engaged in some sort of wrongdoing that would subject him to the loss of his home.

■ This court applies the same standard as the trial court in reviewing the granting of summary judgment. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. Under Civ.R. 56(C), summary judgment is proper if "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to

---

1. Baldwin has disputed making this statement, claiming that he used different words. The trial court, construing the evidence in Van Deusen's favor, assumed that Baldwin did make this statement. Baldwin has accepted this statement as his own for purposes of this appeal.

but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. The summary judgment movant must establish that the material facts are undisputed and no genuine issue of fact exists. *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 120, 570 N.E.2d 1108, 1113–1114. However, "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." (Citation omitted.) *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

■■ The parties agree that "I have enough on you to be living at 1267 River Road" is the basis for the claim. In order to prove defamation, Van Deusen must show that this statement was false, defamatory, published, made with some degree of fault on Baldwin's part, and caused injury to Van Deusen. *Vogel v. Sekulich* (Sept. 15, 1993), Summit App. No. 16105, unreported, at 5, 1993 WL 347096. "In an action for defamation, under Ohio law, the plaintiff must prove that the defendant made a false statement of fact about the plaintiff that tended to harm the plaintiff's reputation." *Stow v. Coville* (1994), 96 Ohio App.3d 70, 72, 644 N.E.2d 673, 674, citing *Ashcroft v. Mt. Sinai Med. Ctr.* (1990), 68 Ohio App.3d 359, 365, 588 N.E.2d 280, 283. Construing the statement in a light most favorable to the nonmoving party, it offers neither fact nor opinion; at worst, it is a vague, nebulous threat. The trial court correctly refused to find that a statement so devoid of meaning could be the basis for a defamation suit.

■ Even if, as Van Deusen claims, Baldwin's statement could reasonably be construed as imply wrongdoing by Van Deusen, we would still be required to uphold summary judgment in this case. Ohio has adopted the "innocent construction rule" in analyzing defamation cases. This rule states that if an allegedly defamatory statement is "susceptible to two meanings, one defamatory and one innocent, the defamatory meaning should be rejected, and the innocent meaning adopted." *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 372, 6 OBR 421, 424, 453 N.E.2d 666, 669. In such a case, the allegedly defamatory words are nonactionable as a matter of law. *England v. Automatic Canteen Co. of Am.* (C.A.6, 1965), 349 F.2d 989, 991; *Smith v. Huntington Publishing Co.* (S.D.Ohio 1975), 410 F.Supp. 1270, 1274. Even if Baldwin's statement could be construed to be defamatory, the vague nature of the statement lends itself to alternative, nondefamatory interpretations. Pursuant to the innocent construction rule, this statement is nonactionable as a matter of law. Accordingly, we find that the trial court correctly granted summary judgment for Baldwin.

█ Van Deusen contests the trial court's statement that "[s]tatements of opinion cannot constitute defamation." We agree with Van Deusen that the trial court erred. See *Milkovich v. Lorain Journal Co.* (1990), 497 U.S. 1, 17–19, 110 S.Ct. 2695, 2705–2706, 111 L.Ed.2d 1, 17–18. This court, however, must affirm the trial court's judgment if, upon review, any valid grounds are found to support that judgment. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175. "[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." *Id.; State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 222, 631 N.E.2d 150, 154. Although the trial court erroneously construed the law as to defamation by opinion, its judgment was supported on other grounds, as discussed previously.

Van Deusen's first assignment of error is overruled.

### Assignment of Error II

"The trial court abused its discretion by failing to grant or even address [Van Deusen]'s motion to compel discovery prior to granting [Baldwin]'s motion for summary judgment."

In this assignment of error, Van Deusen argues that the trial court denied him the opportunity to prove his claim by failing to rule on his motions to compel discovery. Two motions are at issue here: a motion seeking production of Baldwin's videotapes, particularly his videotape of the township meeting; and another motion seeking an answer to an interrogatory, propounded by Van Deusen, which Baldwin objected to as irrelevant. We find that any error by the court in failing to rule on Van Deusen's motions was harmless.

█ Pursuant to Civ.R. 61, "[a] final judgment may not be disturbed due to the exclusion of evidence unless a substantial right of a party is affected." *State ex rel. Avellone v. Lake Cty. Bd. of Commrs.* (1989), 45 Ohio St.3d 58, 62, 543 N.E.2d 478, 482. In his brief in opposition to Baldwin's motion for summary judgment, Van Deusen acknowledged that he sought the videotape in order to confirm his recollection of Baldwin's remark. The trial court, however, expressly adopted Van Deusen's recollection of the remark in ruling on Baldwin's motion for summary judgment. A videotape of the meeting would not have altered the result reached by the trial court because the court assumed Van Deusen's version of the facts to be true. Any error by the trial court, therefore, in refusing to rule on this motion was harmless.

█ We similarly find harmless any error made by the trial court in failing to rule on Van Deusen's motion to compel Baldwin to answer the interrogatory. While Baldwin did not answer this interrogatory, he attached to his motion for

summary judgment an affidavit in which he gave the facts underlying his remark. This affidavit provided the information Van Deusen was seeking. The trial court's failure to rule on Van Deusen's motion, even if erroneous, did not affect any of Van Deusen's substantial rights.

Van Deusen's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and BAIRD, J., concur.