JOURNAL ENTRY AND OPINION
Plaintiff-appellant Terry Shane Metzenbaum ("appellant") appeals from the trial court's dismissal of his complaint brought under the Fair Debt Collection Practices Act ("FDCPA") and from the denial of appellant's request for a temporary restraining order and preliminary injunction.
Appellant assigns the following errors for review:
 I. THE COURT BELOW ERRED IN NOT SUSTAINING APPELLANT'S MOTION TO GRANT A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND USED IT TO INTIMIDATE APPELLANT DISMISS (SIC) THE CASE AGAINST.
 II. THE COURT BELOW ERRED BY HAVING AN EX PARTE COMMUNICATION WITH ONE OF THE ATTORNEYS FOR THE APPELLEE (JACK SCHULMAN).
 III. THE COURT ERRORED (SIC) IN DISMISSING THE COMPLAINT AGAINST OHIO CHECK PROTECTION INC AND HOLDING A SANCTIONS HEARING.
 IV. THE COURT HAS FAILED TO DISMISS THE APPELLEES (SIC) SANCTION REQUEST AS STATED IN THE RECORD OF THE JULY 15, 1999 HEARING.
 V. THE COURT OPENLY HARASSED THE APPELLANT IN OPEN COURT AND MADE SOME VERY "UNKIND COMMENTS" ABOUT THE COURT OF APPEALS ON THE RECORD.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On April 13, 1999, appellant filed a complaint against Marc Glassman, Incorporated ("MGI") and Ohio Check Protection Incorporated ("OCPI") after OCPI sent appellant a letter regarding checks appellant wrote to MGI which were returned because of insufficient funds. Appellant claimed that the actions of OCPI in trying to recover the debt less than thirty days after notifying appellant of the dispute violated the Fair Debt Collection Practices Act ("FDCPA"). Appellant stated OCPI further violated the FDCPA by including appellant's name in a database which it distributed to its merchant clients. Appellant next asserted MCI colluded with OCPI to try to force appellant to pay the debt by barring appellant from the premises of any MGI store. Appellant demanded fines for the alleged violations of the FDCPA as well as actual and punitive damages. Appellant requested the trial court issue a temporary restraining order preventing OCPI from attempting to collect from appellant and to prevent MGI from enforcing its letter warning appellant not to trespass at any MGI store.
On April 16, 1999, the parties entered into a stipulation dismissing MGI with prejudice. On April 20, 1999, appellant filed a summary judgment motion and a motion for sanctions asking the trial court to sanction OCPI for not attending the hearing on appellant's request for a temporary restraining order. Also on April 20, 1999, appellant filed a Civ.R. 60(B) motion for relief requesting that the settlement agreement dismissing MGI from the case be voided. Appellant argued the trial judge overstepped his authority and that MGI's attorney lied during the hearing held on the motion for a temporary restraining order. Appellant also asked for leave to amend his complaint to add several defendants as parties to the action because of unspecified civil rights violations. Additionally, appellant filed a motion for protection order parroting the issues raised in his Civ.R. 60(B) motion and additionally asking the trial court to prevent certain counsel from representing OCPI.
On May 5, 1999, OCPI filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). In the motion, OCPI argued that the FDCPA did not prevent it from attempting to collect a debt for thirty days as long as the alleged debtor did not submit a written notice disputing the debt within thirty days of receiving notice of the collection efforts from OCPI. OCPI stated it did not release a database of names of people to its merchant clients but did release a list of account numbers which is permitted under the FDCPA. OCPI then pointed out that communicating with MGI, its client, about the status of appellant's account did not violate the FDCPA.
On May 24, 1999, appellant dismissed his motion for summary judgment and for sanctions. Appellant also withdrew his motion for a protection order. On June 29, 1999, the trial court denied appellant's Civ.R. 60(B) motion and granted OCPI's motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). The trial court found appellant failed to even plead the minimal facts necessary to recover under the FDCPA. The trial court held a hearing on OCPI's motion for sanctions under Civ.R. 11. At the conclusion of the hearing, the trial court decided to wait for a ninety day period to allow the parties to file briefs on the matter. If no briefs were filed, the trial court would dismiss the matter of the sanctions. There is no indication in the record of a ruling on the issue.
 II.
In his first assignment of error, appellant claims the trial court erred by not granting appellant's motion for a temporary restraining order and preliminary injunction. Appellant further asserts the trial court intimidated appellant into dismissing MGI from the case. MGI is not a party to this case after being dismissed with prejudice. Any argument appellant makes with regard to MGI's failure to comply with the FDCPA will be disregarded as inapposite.
Appellant's first assignment of error is overruled.
 III.
Appellant's second and fifth assignments of error will be addressed together. In each, appellant offers one sentence in support of the assignment of error. For his second assignment of error, appellant's argument consists of the statement: "It was very evident that Mr. Schulman had discussions with the Judge and then after the hearing walked out with the Judge almost hand in hand." Appellant only states that the record speaks for, itself for his discussion regarding his fifth assignment of error. Appellant did not attempt to support his argument with citations to any legal authority or to any part of the record as required by App.R. 16(A)(7). Under App.R. 12(A)(2), this court may disregard any assignment of error if the party fails to identify in the record the error upon which the assignment of error is based. See Meerhoff v. Huntington Mortgage Co. (1995), 103 Ohio App.3d 164,169.
Appellant's second and fifth assignments of error are overruled.
 IV.
Appellant's third assignment of error challenges the trial court's dismissal of appellant's complaint pursuant to Civ.R. 12(B)(6). A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hansonv. Guernsey (1992), 65 Ohio St.3d 545, 548. In order to dismiss a complaint under Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief." O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, 245. All factual allegations set forth in the complaint must be taken as true by the court and all reasonable inferences are to be drawn, in favor of the non-moving party. Byrd v. Faber (1991), 57 Ohio St.3d 56,60.
In Renner v. Derin Acquisition Corp. (1996), 111 Ohio App.3d 326, this court held that a debt under FDCPA does not include payment by check or by the use of a credit card. See also Sarverv. Capital Recovery Associates, Inc., 951 F. Supp. 550 (E.D.Pa. 1996). Because appellant's dispute involves a check, the case does not fall within the ambit of FDCPA. The trial court correctly granted OCPI's motion to dismiss.
Appellant's third assignment of error lacks merit.
 V.
In his fourth assignment of error, appellant apparently is arguing the trial court erred by not dismissing OCPI's motion for sanctions. There is no indication in the record that sanctions were awarded in the instant case. A reviewing court will not grant a new trial or disturb a judgment rendered below unless the substantial rights of the parties are affected. Civ.R. 61. If appellant did not pay any sanctions or was not ordered to do so, then he was not prejudiced in any fashion by the trial court's decision. See Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported; State ex rel. Avellone v. Bd. of Commrs. ofLake Cty. (1989), 45 Ohio St.3d 58.
Appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________________ LEO M. SPELLACY PRESIDING JUDGE
 MICHAEL J. CORRIGAN, J. and PATRICIA A. BLACKMON, J. CONCUR.