OPINION
{¶ 1} Appellant, Michelle Cominsky ("Cominsky"), appeals from a jury verdict in favor of appellee, Madison Health Care ("Madison"), holding Madison not liable on claims of pregnancy discrimination under both Title VII and R.C. 4112 and violations of Ohio public policy.
 {¶ 2} In cases of pregnancy discrimination, Ohio courts apply the same "burden shifting" approach utilized by federal courts. To establish such a claim, a plaintiff must demonstrate that she: (1) was a member of a protected class; (2) suffered an adverse employment action; (3) was qualified for the position; and (4) was replaced by a person outside of the protected class. EEOC v. Yenkin-Majestic Paint Corp. (6th Cir., 1997), 112 F.3d 831, 834, fn. 1.
 {¶ 3} Once a plaintiff establishes a prima facie case for pregnancy discrimination, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. Id. at 834. If the defendant sets forth a legitimate, non-discriminatory reason for the adverse employment action, the burden of production shifts back to the plaintiff to demonstrate that the reason was merely a pretext for discrimination. Id. Notwithstanding this burden shifting exercise, a plaintiff still shoulders the ultimate burden of proving her case.
 {¶ 4} Pretext may be shown either directly by persuading the trier of fact that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. Id. To challenge the credibility of an employer's explanation, the plaintiff must demonstrate, by a preponderance of the evidence: (1) The proffered reason had no basis in fact; (2) the proffered reasons did not actually motivate the adverse employment action; or (3) the proffered reasons were insufficient to motivate the adverse employment action. Id.
 {¶ 5} At trial, Cominsky sought to utilize the foregoing legal machinery to show that Madison's failure to hire her was a product of pregnancy discrimination. Cominsky's claims issue from Madison's failure to hire her as a nurse's aide.[1] In February of 2000, Cominsky participated in a nurse's aide training program conducted by Madison. The training course, taught by Patty Orris ("Orris"), lasted two weeks and concluded on February 18, 2000. According to Madison, if students passed the class and their application references were validated,[2] they would likely be hired.
 {¶ 6} While participating in Madison's class, Cominsky was pregnant. Cominsky missed two days of the class for medical reasons related to her pregnancy (which she made up). Despite the make up, Orris requested a doctor's evaluation from appellant that she never received.[3] After the class concluded, Cominsky contacted Orris and found out she was not hired. Orris directed Cominsky to Thomas Wyszynski ("Wyszynski") if she had any questions regarding the decision. Eventually, Cominsky was told she was not hired for two reasons: she failed to produce a doctor's excuse and there were certain problems with her application references.[4]
 {¶ 7} The date on which Cominsky contacted Orris is central to the current appeal. To wit, Cominsky maintains that she contacted Orris on February 21, 2000, before Wyszynski allegedly checked the students' references. During this conversation, Cominsky asserts, Orris told her Madison was unable "to hire preggos." However, Orris denied telling Cominsky that she was not hired due to her pregnancy. Moreover, Orris testified that Cominsky called on February 23, 2003, after Wyszynski checked the student references.
 {¶ 8} At trial, Cominsky's counsel attempted to impeach Orris, through deposition testimony, regarding the date of Cominsky's call. Specifically, in her deposition, Cominsky's counsel asked Orris whether, from her recollection, Cominksy called her on Monday or Tuesday (i.e. February 21 or February 22), to which Orris did not directly respond. However, Orris indicated that she did not know exactly what day Cominsky called her. Nevertheless, Orris maintained, that Cominsky's call occurred shortly after Wyszynski checked references.
 {¶ 9} However, at trial, Orris testified that Cominsky called on Wednesday, February 23, 2000. Orris stated, consistent with her deposition testimony that she recalled speaking with Cominksy, "in the middle at the end of the orientation * * *." Orris explained that any inconsistency between her deposition testimony and trial testimony was a function of her belief that, "we had orientation on Tuesday at that time and then after I looked back at some of the class records and stuff I seen our orientation had begun on the 23rd."
 {¶ 10} Cominsky's counsel seized on the inconsistency, arguing that if Cominsky called Orris on February 21, 2000, Madison's justification for not hiring her based upon her references was pretext which would rebut any purported legitimate non-discriminatory reason put forth by Madison. In support, Cominsky's attorney proffered evidence in the form of an inter-office memo from his law office. Cominsky's counsel asserted the memo would demonstrate that Cominsky had contacted the office on February 21, 2000 regarding Madison's failure to hire her. Cominsky's counsel argued that such proof would confirm that Madison's failure to hire her was not a function of Wyszynski's reference check and any reliance thereupon is mere pretext. Notwithstanding Cominsky's counsel's efforts, there is no evidence that the court explicitly ruled upon the proffer; however, the memo was not admitted.
 {¶ 11} After closing arguments, the jury deliberated and returned a verdict in favor of Madison. The jury's verdict was journalized on May 16, 2002. Cominsky filed this timely appeal and assigns the following error for our review: The trial court erred in excluding her proffered rebuttal testimony which would have demonstrated that Madison's proffered legitimate, non-discriminatory reason for not hiring her was not true and therefore a pretext for discrimination.
 {¶ 12} It is well-settled that evidentiary rulings rest within the sound discretion of the trial court. Petitto v. Malaney (May 17, 2002), 11th Dist. No. 2001-L-065, 2002 Ohio App. LEXIS 2359, at 3. Further, the exclusion of evidence will be upheld on appeal unless the trial court prejudicially abused its discretion. Calderon v. Sharkey (1982),70 Ohio St.2d 218, 222. Such prejudice must affect a substantial right of a party. State ex rel. Avelone v. Lake Cty. Bd. of Cmmrs. (1989),45 Ohio St.3d 58, 62. In view of the fact that no ruling was make on Cominsky's proffer, we must deem the trial court's silence a rejection of the proffered evidence. See, Gerl Constr. Co. v. Medina Co. Bd. OfCmmrs. (1985), 24 Ohio App.3d 59, 65. However, it is important to remember that the question before this court is not whether the trial court acted as we would have if confronted with the proffer, but whether the court abused its discretion so as to prejudice Cominsky. SeeCalderon, supra, at 222.
 {¶ 13} In the current case, Cominsky argues that Madison's legitimate non-discriminatory reason for not hiring her was a pretext that it did not actually motivate the adverse employment action. SeeYenkin-Majestic Paint Corp., supra, at 834. Cominksy maintains that the inter-office memo, allegedly received on February 21, 2000 would establish that Madison's decision was not based upon Wyzsynski's reference check. By implication, she argues the decision was motivated by a discriminatory purpose. Cominsky concludes, therefore, the court's failure to admit the memo was an abuse of discretion.
 {¶ 14} Cominsky predicates her assignment upon the purported undue surprise she suffered as a consequence of Orris' altered testimony. Cominsky admits that she did not disclose the inter-office memo during discovery despite Madison's requests for all statements relevant to circumstances surrounding the allegations;[5] however, she notes that this omission was occasioned by the attorney-client privilege. Generally, documents protected by the attorney-client privilege are not offered for discovery unless such documents will be used as evidence. As such, Cominsky maintains that, during discovery, she did not contemplate and had no way of knowing that the memo would be necessary evidence in the case. However, once Orris altered her testimony to reflect her belief that appellant called her on Wednesday, February 23, rather than Monday, February 21, she was forced to waive the privilege and proffer testimony that Orris' altered testimony was false. In effect, Cominsky contends Orris' testimony was an undue surprise and therefore the memo should have been admitted to rebut Orris' testimony.
 {¶ 15} In support, Cominsky asserts that a party is entitled to submit previously undisclosed rebuttal testimony when it is faced with an undue surprise. Citing Brokamp v. Mercy Hospital Anderson (1999),132 Ohio App.3d 850, Cominsky notes that, "[u]ndue surprise occurs where the expert witness's undisclosed testimony creates a substantial likelihood of surprise, and there is an indication that one party has deliberately disrupted the free flow of information between the parties." Id. at 861. For the following reasons, we disagree.
 {¶ 16} First, we fail to see how Brokamp specifically applies to the matter sub judice. By its own language, the rule in Brokamp applies to undisclosed expert testimony. Here, Orris was the instructor of the nurse's aide program offered by Madison. However, Orris did not testify as an expert witness under the circumstances. Therefore, the rule inBrokamp does not specifically apply to the facts underlying this case.
 {¶ 17} Furthermore, it is debatable as to whether the so called "altered testimony" was actually undisclosed so as to create a "substantial likelihood of surprise." That is, in his December 20, 2001, deposition, Wyszynski indicated that, to his knowledge, Orris contacted Cominsky on, "about the 22nd or 23rd of February." As such, before trial, Cominsky was on notice that Madison was of the belief that Orris called Cominsky after February 21, 2000.
 {¶ 18} Moreover, Orris did not conclusively admit in her deposition that she received the call on February 21. This analysis is supported by Orris' unequivocal statement in her deposition that she did not know the exact date of Cominsky's call. Although at trial Orris testified that Cominsky called her on Wednesday, February 23, there is no necessary contradiction in her testimony, i.e., Orris does alter her deposition testimony, but the alteration does not create an inherent logical incongruity.
 {¶ 19} Orris' deposition testimony is noncommittal regarding the date of Cominsky's call. However, according to Cominsky, the date of the call is necessary to show pretext. Consequently, insofar as the memo would provide evidence to confirm this date, its admission was foreseeable during the discovery phase of litigation. Hence, Cominsky was obligated to disclose appellant's name and the purported memo pursuant to Madison's third interrogatory (set forth, supra). Thus, appellant fails to demonstrate how Orris' undisclosed testimony created a substantial likelihood of surprise.
 {¶ 20} Furthermore, Cominsky fails to argue how the court's failure to admit the memo necessarily prejudiced her case. She alleges the memo would confirm that Orris was lying regarding the date of the call. However, this conclusion does not demonstrate how the exclusion affected a substantial right. To wit, Cominksy cannot legitimately contend that the memo would "confirm" Orris' status as a liar, i.e., such credibility determinations are matters for the fact finder. Moreover, Cominsky's counsel demonstrated that Orris altered her testimony between her deposition and the trial. Thus, the jury had evidence of Orris' non-credibility before it without introducing the memo. Despite Orris' credibility problems, the jury rendered a verdict in Madison's favor. Without a cogent demonstration of prejudice, we cannot find that the trial court erred in failing to admit the memo.
 {¶ 21} In sum, Cominsky's reliance upon Brokamp is misplaced and therefore she fails to provide a sound argument as to how the court abused its discretion. As such, we cannot find that the court's actions were arbitrary, unreasonable, or unconscionable. Moreover, Cominsky fails to demonstrate how she was prejudiced by the trial court's failure to admit the memo. Based on our review of the record, Cominsky has failed to demonstrate that the trial court improperly excluded the proffered evidence. Thus, for the foregoing reasons, Cominsky's sole assignment of error is overruled and the Lake County Court of Common Pleas' adoption of the jury verdict is affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and William M. O'Neill, J., concur.
[1] A nurse's aide assists in the care of the elderly, infirm, and demented residents within Madison's. nursing home. The aides are required to lift residents, transfer residents into wheelchairs, turn residents, lift them in bed, clean and feed residents.
[2] Each student supplied personal references with their applications. During the hiring process, Madison would contact these references and the feedback therefrom assisted the nursing home in hiring its aides.
[3] Thomas Wyszynski, Madison's administrator, testified that the request for a physician's note was based upon Madison's concern that Cominsky might be in danger. Especially in light of the many physical jobs performed by a nurse's aide, not the least of which is continual patient lifting.
[4] The record demonstrates that Wyszynski checked the prospective employees' references on February 23, 2000 and reported the results to Orris on the same day.
[5] In particular, appellee's third interrogatory stated: "For each witness or person from whom you, your attorneys and/or your agents have obtained any written or other statement regarding the facts and circumstances surrounding the allegation of the Complaint herein, please state: (a) the name of the person obtaining the statement; (b) the date upon which each such statement was obtained; (c) the name and address of the person from whom the statement was taken." Despite this discovery request, the memo on which Cominsky based her proffer was not disclosed.